[No. 2340. Decided December 7, 1896.]

JAMES A. FRACE, *Respondent*, v. CITY OF TACOMA, *Appellant*.

MUNICIPAL CORPORATIONS — ANNEXATION OF TERRITORY — PRIVATE ACTION — TAXATION — AGRICULTURAL LANDS WITHIN CITY LIMITS.

The question whether a municipal corporation has legally included adjoining territory in its corporate limits, cannot be raised by a private citizen in an action to restrain the collection of taxes.

The taxation by a city for municipal purposes of a body of agricultural land lying within its corporate limits, is not a taking of private property without just compensation, although the premises may be beyond the line and range of municipal benefits.

Appeal from Superior Court, Pierce County — Hon. JOHN C. STALLCUP, Judge. Reversed.

*John Paul Judson*, and *W. H. H. Kean* (*James Wickersham*, of counsel), for appellant.

*W. W. Likens*, for respondent.

The opinion of the court was delivered by

GORDON, J.—Plaintiff in this action is the owner, and in possession of, 160 acres of land lying within the corporate limits of the city of Tacoma. He brought this action to restrain the collection and enforcement of taxes levied and assessed against the land by the city for the years 1893 and 1894. The grounds relied upon for relief are that the corporate limits of the city as originally incorporated did not include his land; that, in attempting to extend its limits, the city wholly failed to comply with the provisions of the act of March, 1890 (Gen. Stat., § 501), authorizing an extension, and that the premises are beyond the line of all municipal benefits.

Upon the issues joined the superior court granted the relief asked as to eighty acres, or one-half of plaintiff's land, and denied it as to the other half. Each of the parties has appealed.

The court found:

"That in April, 1891, in compliance with the general incorporation act approved March 27, 1890, the corporate limits and boundaries of the city of Tacoma were altered and changed so as to include the following described territory . . .

"That the lands of the plaintiff described in the amended complaint are not within the corporate limits of said city as established prior to 1891, but are within the extended limits of 1891. That said city complied *with the requirements of the Act of March 27, 1890, in making the extension.*"

The court also found that the premises were situated beyond and outside the line and range of municipal benefits, and that—

"Plaintiff has not had any and cannot have or derive any benefit or privilege or advantage from the municipal government of said city of Tacoma; but the levying and imposing of said taxes is solely for the use and benefit of those within the benefited limits of said city and is the taking of this plaintiff's property without a just or any compensation."

These are the questions involved in the appeal taken by the city.

This court held in *Kuhn v. Port Townsend*, 12 Wash. 605 (41 Pac. 923), that—

"A private citizen cannot, . . . question the right of a municipal corporation to exercise the authority, powers and functions of an incorporated city; this can be done only in a direct proceeding prosecuted by the proper public officers of the state."

And in *Ferguson v. Snohomish*, 8 Wash. 668 (36 Pac. 969), we said:

"But it is further contended by the appellant that, even if his lands were properly included within the corporate limits of the city, they are not subject to taxation for general municipal purposes, because such taxation would be a taking of private property without just compensation. This view of the law, although favored by the courts of Iowa and Kentucky (*Morford v. Unger*, 8 Iowa, 82; *Covington v. Southgate*, 15 B. Mon. 498), is contrary to the great weight of authority in this country."

The question here involved was examined with great care, and is fully discussed in those cases, and what is there said must be regarded as decisive of the present controversy.

The appeal taken by the plaintiff raises questions which relate mainly to rulings of the trial court upon the introduction of evidence, and to certain findings of fact made by it. We have examined the record and think that no prejudicial error was committed in the reception of evidence, and that the court properly found that plaintiff's land was within the corporate limits of the city, and it follows upon the authority of the cases above, aside from the reasons which led the trial court to deny the relief prayed by the plaintiff, that it was properly denied.

The judgment and decree of the superior court will be reversed and the cause remanded with directions to dismiss the action.

HOYT, C. J., and SCOTT, DUNBAR and ANDERS, JJ., concur.