[No. 7834.   Decided February 15, 1909.]

THE STATE OF WASHINGTON, *Respondent*, v. JOHN C. STOREY, *Appellant*.[1]

CONSTITUTIONAL LAW—DELEGATION OF LEGISLATIVE POWERS—STATUTE—TIME OF TAKING EFFECT—DETERMINATION OF FACT—ANIMALS—ALLOWING TO RUN AT LARGE. Laws 1907, p. 566, making it a misdemeanor to permit live stock to run at large in counties where three-fourths of the land is under fence, does not unlawfully delegate legislative powers in providing that ten freeholders and the board of county commissioners shall determine the fact as to three-fourths of the land being under fence, and that notice thereof be given; as a statute may provide for its taking effect upon the happening of a future event.

SAME—CONFERRING JUDICIAL POWERS. Such a law is not unconstitutional as conferring judicial powers on the county commissioners and assessors, their acts being ministerial rather than judicial, and especially as the conferring of judicial powers on them is not obnoxious to the constitution.

SAME—CLASS LEGISLATION—POLICE REGULATIONS. Such an act is not discriminatory, as it applies to the whole state, and being a police regulation, may be made to apply to certain locations.

Appeal from a judgment of the superior court for Walla Walla county, Brents, J., entered August 24, 1908, upon a trial and conviction of permitting live stock to run at large. Affirmed.

[1]Reported in 99 Pac. 878.

*Cain & Hurspool,* for appellant.

*Otto B. Rupp,* for respondent.

Mount, J.—The appellant was convicted of the offense of permitting live stock to run at large in Walla Walla county. He was prosecuted under the provisions of chapter 230 of the Laws of 1907, p. 566. His contention here is that the act is unconstitutional, upon three grounds: Because (1) it delegates legislative powers to private persons; (2) it confers judicial powers upon purely executive officers, and (3) it discriminates between persons and things of the same class.

Section 1 of the act provides that it shall be unlawful for live stock to run at large in any county of the state in which three-fourths of the lands outside of incorporated cities and towns are under fence. Section 2 provides that it shall be the duty of the board of county commissioners of the respective counties of the state, when ten or more freeholders shall make application for the enforcement of the act, to at once determine whether three-fourths of the lands outside of incorporated cities and towns in such county are under fence. Sections 3, 4, and 5 provide the manner of determining the fact whether the required amount of land in the county is under fence, and recording the same, and for a notice thereof to the public. Section 6 makes a violation of the act a misdemeanor, punishable by fine.

It is claimed by appellant that the act can become effective only upon the petition of ten freeholders, and that the taking effect of the act depends entirely upon the discretion of these freeholders, and that this amounts to a delegation of legislative power to these ten men in their private capacity. If we concede, for this case, that the county commissioners have no power to determine the facts or make the act effective without this petition, we still think it does not follow that there is any delegation of legislative power. The act was passed by the legislature. That authority may say definitely when an act shall take effect; or it may fix an indefinite time

in the future upon the happening of some event before the act shall take effect. Cooley, Const. Lim. (7th ed.), p. 169. The mere fact that the act does not take effect until the contingency arises, does not indicate a delegation of legislative power, even where the contingency depends upon the action of certain persons. It is conceded, if we understand the appellant's position, that certain laws may become effective or not upon local judgment, and Cooley on Constitutional Limitations (7th ed.), pp. 173-4, is cited to that effect. In such cases it cannot be said that legislative authority is delegated. The local judgment merely accepts or rejects the operation of the legislative act. The rule is tersely stated in 8 Cyc. p. 830, as follows:

"While the legislative body cannot delegate the power to legislate, the legislature may delegate the power to determine some facts or state of facts upon which the statute makes or intends to make its own action depend."

And this rule is sustained by the great weight of authority. In this case the apparent intention of the legislature was that the act should be effective in those counties where three-fourths of the land therein was under fence. The designation of the ten freeholders and the board of county commissioners was for the purpose of determining and proclaiming that fact. These persons constitute an agency for a specified purpose, and are in no manner clothed with legislative powers.

It is next claimed that the act confers judicial powers on the county assessor and boards of county commissioners, and that their judgment is made conclusive. There is no direct provision that the judgment of these persons shall be conclusive. These officers are merely the means selected to determine certain facts. Their duties are ministerial rather than judicial. But even if judicial powers are conferred, it is not clear that this would render the act obnoxious to any provision of the constitution.

We see no reason for holding that the act is discriminatory. It is a general act and applies to the whole state. It is in the

nature of a police regulation, in respect to which it is proper
that local judgment shall control or that it shall apply to
certain locations ·as the legislature may direct.

The act appears to be a valid exercise of legislative power.
The judgment must therefore be affirmed.

RUDKIN,· C. J., CHADWICK, FULLERTON, CROW, and DUN-
BAR, JJ., concur.

GOSE, J., took no part.