SCHULTZ, Plaintiff-Appellant, v. UPPER ARLINGTON (City) et, Defendants-Appellees.

Ohio Appeals, Second District, Franklin County.

No. 4370. Decided May 5, 1950.

Dargusch, Caren, Greek & King, John W. King, John W. Christensen, of Counsel, Columbus, for plaintiff-appellant.

Paul A. Griffith, Columbus, for the City of Upper Arlington.

Lawrence D. Stanley, Columbus, for City of Upper Arlington, defendant-appellee.

Robert N. Krier, Columbus, Amicus Curiae.

## OPINION

By THE COURT.

This is an appeal on questions of law from the Common

Pleas Court of Franklin County, Ohio, which overruled plaintiff's demurrer to the answer of the defendants. The plaintiff not desiring to plead further, the cause was dismissed.

There is no dispute between the parties as to the facts. The sole question for determination relates to the legal effect of the undisputed facts alleged in the pleadings.

The well-considered and comprehensive written opinion of the trial judge, Honorable Myron B. Gessaman, is found among the papers in the case. The trial court held that **Article XVIII, Section 3, of the Ohio Constitution** confers on municipalities the "authority to exercise all powers of local self government." But that Section XV of the Charter of the City of Upper Arlington, which provides for submitting an annexation ordinance to a vote of the electors, did not fall in that category; that the constitutional provision conferring on municipalities the "powers of local self-government," contemplates and includes only such powers as are local in the sense that they relate to the municipal affairs of the particular municipality; that matters involving annexation of territory to a municipal corporation are not purely local matters and, therefore, are not proper functions of local self-government; such matters are of a general nature and state-wide in their scope. The trial court concluded that Section XV of the Charter of the City of Upper Arlington deals with a subject that is not a function of local self-government; that this section is in conflict with the general laws passed by the Legislature under its constitutional powers and is, therefore, void and of no effect. As a consequence the Commission of the City of Upper Arlington was not required to submit Ordinance No. 1057 to a vote of the electors of the city. Support for this conclusion is found in the following cases which were cited: **Fitzgerald, et al. v. City of Cleveland, 88 Oh St 338,** 103 N. E. 512; **Mansfield v. Endly, 38 Oh Ap 528, 535,** 176 N. E. 462; **Village of Brook Park v. City of Cleveland, 26 O. O. 536, 538.**

After carefully considering all the legal questions raised by counsel in their briefs we have arrived at the same conclusion as the trial court. We find no necessity to restate here the applicable provisions of the law so effectively stated in the excellent written opinion by the trial judge.

Finding no error in the record prejudicial to the appellant the judgment is affirmed.

MILLER, PJ, HORNBECK and WISEMAN, JJ, concur.