CITY OF CINCINNATI, APPELLANT, *v.* ROST ET AL., APPELLEES.
REITZ ET AL., APPELLANTS, *v.* MORR ET AL., COUNTY COMMRS., APPELLEES.

(Nos. 7578 and 7580—Decided April 14, 1952.)

*Mr. Henry M. Bruestle,* city solicitor, and *Mr. Edward F. Alexander,* for appellant city of Cincinnati.

*Messrs. LeRoux & Weber,* for appellants Howard Reitz and Steve G. Budai.

*Mr. C. Watson Hover,* prosecuting attorney, and *Mr. William J. Schmid,* for appellees county commissioners.

MATTHEWS, J. In each of these cases, the court sustained a demurrer to the petition and rendered judgment dismissing the action. The appeals on questions of law are from those judgments.

In case No. 7578, the plaintiff sets forth in its amended petition that Sections 3518 to 3525, inclusive, General Code, provide the only lawful constitutional method whereby a village may be incorporated, and in great detail sets forth the proceedings necessary to be taken under such statutes. It then sets forth in equal detail Sections 3526 to 3531, both inclusive, General Code, providing another method of incorporating a

village. It then characterizes this latter method as un-constitutional and void, as lacking due process of law.

The amended petition then recites that thirty or more residents of a certain area, a majority of whom are freeholders, have filed a petition with the defendant trustees of Columbia township, requesting the trustees to hold an election to determine whether the area should be incorporated as a municipality under the name of Village of Fairfax.

The amended petition recites also that the area includes certain territory with reference to which there was pending before the commissioners of Hamilton county prior to and at the time of filing the petition for incorporation, a petition by certain residents for the annexation of such territory to the city of Cincinnati.

The plaintiff shows also by allegations that because of the proximity of the area involved to the perimeter of Cincinnati, the city of Cincinnati is concerned or interested in what it regards as the proper development of the area, and that it would better serve all concerned to annex the area to Cincinnati, rather than to have it incorporated as a village.

Nevertheless, as plaintiff alleges, the defendants—the trustees of Columbia township and the members of the board of elections—will act upon the petition to incorporate, unless enjoined, and that because of the time schedule prescribed in the statutes, the incorporation will be an accomplished fact before the county commissioners can act upon the petition for annexation and such annexation effected. Therefore, the plaintiff seeks an injunction.

Those seeking the incorporation of the area as a village were allowed to intervene and demur to this amended petition on the ground that "it appears on the face thereof that the plaintiff has not stated facts which show a cause of action in said plaintiff."

The court sustained this demurrer, and, finding that the amended petition could not be amended to state a cause of action, entered judgment dismissing the action at the plaintiff's costs. That is the judgment appealed from.

The institution of a state government—its form and powers—falls within the political domain involving the exercise of no judicial power except to enforce conformity to the Constitution of the United States. Similarly, the institution of subdivisions of a state and the distribution of state powers thereto is an exercise of the political power and raises no judicial issue, so long as the agencies to whom such state power is delegated do not exceed their authority. This delegated authority must be found in the express provisions of the state Constitution and the statutes made in pursuance thereof. There is no common law involved or inherent right vested in any one in the creation of the instruments of local self-government. Any action that conforms to the state Constitution and the statutes that conform thereto is due process of law.

The Ohio Constitution recognizes both municipalities and townships as agencies of local government, and, as to the former, contains provisions whereby they can acquire all the powers of local self-government by means of regulations operative within their limits, not in conflict with general laws. Section 3, Article XVIII, Constitution. The power thus conferred is expressly limited to the territory within the municipality.

The Ohio Constitution also expressly recognized that the territory of the state would be divided into counties, and the counties into townships, with such power within their limits as the General Assembly should see fit to confer upon them. We find no constitutional provision enabling either a municipality, a county, or a township to exercise extraterritorial pow-

ers. It would seem clear that any such claim to extra-territorial power by a "home-rule" city would find no support in Section 3, Article XVIII of the Constitution. It has been so held by the Court of Appeals of the Second Appellate District, sitting in Franklin County, in the case of *Schultz* v. *City of Upper Arlington,* 88 Ohio App., 281, 97 N. E. (2d), 218, wherein it was held that matters involving annexation were not proper functions of local self-government. We approve the conclusion.

Therefore, if the plaintiff has any right to maintain this action it must be found in the statutes. The only statutes on this subject are Sections 3531 and 3532, General Code, which authorize "any person interested" to make application for an injunction on- certain grounds within ten days of the filing of the papers with the county recorder. It should be said here that the papers of incorporation have not been filed with the county recorder, and as the election has not been held it may very well be that a majority of the electors may vote against incorporation. Aside from this, however, it seems to us that "person interested" cannot be given an interpretation so broad as to include a contiguous municipal corporation and enable it to interfere with and control the action of the electors in an area beyond the municipal boundaries in the exercise of their political powers.

We also agree with the interpretation of "person" as used in Section 3532, General Code, made by the court in *City of Lockland* v. *Shaver,* 44 Ohio Opinions, 189, 98 N. E. (2d), 643. A municipal corporation is not within the definition as interpreted. Furthermore, the plaintiff is not "interested" within the juristic sense.

Assuming, however, that the plaintiff is vested, by Section 3532, General Code, with the right to maintain this action, we are of the opinion that the amended

petition fails to state a cause of action. The only ground alleged is that Sections 3526 to 3531, inclusive, General Code, under which the incorporation proceedings are conducted, are unconstitutional because, as is claimed, they attempt to delegate to the electors of the territory the unrestricted right to determine whether they shall organize as a village. It is said there is no provision for judicial review. We find this assumption to be unfounded. A broad judicial review is provided by Sections 3531 and 3532, General Code. However, we are of the opinion that had no judicial review been expressly provided, the statutes would not be open to criticism that they delegate legislative power. The General Assembly has performed its function when it has provided alternative plans of local government, and the rules under which a choice may be made by the electors. If the statutory rules are not followed by those who employ them, the ordinary and extraordinary remedies would be available to coerce compliance. And if different governmental agencies collide in the exercise of the powers delegated to them, these same remedies are available to determine which is entitled to proceed, i. e., which is entitled to priority of action. The facts pleaded do not present an occasion for the exercise of such judicial power. The plaintiff challenges only the constitutionality of the statutes under which the defendants have been and are proceeding.

For these reasons, the judgment in case No. 7578 is affirmed.

In case No. 7580, the plaintiffs allege that they are the designated agents of the freehold electors of the territory; that they have petitioned the trustees of Columbia township wherein the territory is situated that said territory may be incorporated as a village; that their petition is still pending; that there is pend-

ing before the board of county commissioners a petition for the annexation of a portion of the territory to the city of Cincinnati; that the city of Cincinnati has instituted an action to enjoin them from proceeding with the incorporation and has obtained a temporary restraining order; that the plaintiffs herein have intervened in that action and have moved to dissolve the temporary restraining order, but the motion has not been heard; and that the city of Cincinnati—the sole plaintiff in such action—has no interest in the incorporation of territory outside its corporate limits, and its petition states no basis for enjoining said incorporation proceedings. The plaintiffs in this action (No. 7580) allege further that unless the defendants therein, who are the city of Cincinnati and the county commissioners of Hamilton county, are enjoined, they will proceed with said annexation proceedings, and thereby render moot the proceedings for incorporation. Plaintiffs seek an injunction against proceeding with the annexation proceedings until the validity or invalidity of the incorporation proceeding is determined. The trial court sustained a demurrer to this petition, and the plaintiffs not desiring to plead further judgment was rendered dismissing the action at plaintiffs' costs.

As already noted, there is an allegation in the amended petition in case No. 7578 that the annexation proceedings were commenced prior to the commencement of the proceedings to incorporate the village. The court having sustained the defendants' demurrer to this amended petition and entered judgment for them, the truth or falsity of that allegation has not been adjudicated. The allegation was challenged at the bar, but we find no allegation of priority in the petition in case No. 7580. This, we believe, renders that petition fatally defective. The petition presents

a case of a clash between two agencies of the state without furnishing any basis for deciding which has the prior right to proceed.

The principle announced in the first paragraph of the syllabus to *Trumbull County Board of Education v. State, ex rel. Van Wye*, 122 Ohio St., 247, 171 N. E., 241, is controlling. It is:

"Where power is given under the statutes to two different governmental boards to act with reference to the same subject matter, exclusive authority to act with reference to such subject matter is vested in the board first acting under the power." See, also, *State, ex rel. Chisholm, v. McKenzie*, 16 C. C. (N. S.), 172, 31 C. D., 475.

For these reasons, the judgment in case No. 7580 is also affirmed.

*Judgments affirmed.*

HILDEBRANT, P. J., MATTHEWS and ROSS, JJ., concur.