[No. 34515. *En Banc.* April 17, 1958.]

THE PORT OF TACOMA et al., *Respondents,* v. JOSEPH PAROSA, *Individually and as Representative of the Signers of the Petition for the Incorporation of the Town of Tidehaven City, Appellant.*[1]

[1]Reported in 324 P. (2d) 438.

*Graves & Garnes,* for appellant.

*John H. Binns,* for respondents.

*The Attorney General, Robert F. Hauth, Assistant, Charles W. Johnson,* and *Brooks K. Johnson, amici curiae.*

ROSELLINI, J.—In this proceeding, the constitutionality of chapter 173, Laws of 1957, p. 662, and particularly § 7 thereof (RCW (Sup. 1957) 35.02.070) is assailed. This legislation pertains to the incorporation of cities and towns.

It is provided in the act that qualified voters of the proposed city or town equal in number to twenty per cent of the votes cast at the last state election may petition for incorporation. The petition shall contain the form of government under which the new city is to operate in case it is incorporated, shall describe the proposed boundaries, give the name of the proposed corporation, and state approximately the number of inhabitants therein.

Laws of 1953, chapter 219, § 8, p. 509, provides for the submission of the petition to the county auditor, who must ascertain whether the legal description of the proposed boundaries is correct and whether there is a sufficient number of valid signatures, and must submit the petition to the board of county commissioners.

The 1957 act then provides that, upon receipt of a petition for incorporation together with a certificate of sufficiency by the county auditor, the board of county commissioners shall give notice by publication of a hearing on the petition. The hearing on the petition may be adjourned from time to time, not exceeding two months in all.

Section 7 (amending Laws of 1890, chapter 7, § 2, p. 131), which is the particular object of attack, reads:

"Upon final hearing on a petition for incorporation the board shall establish and define the boundaries of the proposed city or town, being authorized to decrease but not increase the area proposed in the petition and any such decrease shall not exceed twenty percent of the area proposed; it must also determine the number of inhabitants within the boundaries it has established: *Provided,* That the area shall not be so decreased that the number of in-

habitants therein shall be less than required by RCW 35-.02.010."

The succeeding sections provide for the calling of an election by the county auditor to determine whether or not the area shall be incorporated.

■ It is alleged that, because the act denies to the board of county commissioners the authority to decrease the proposed boundaries more than twenty per cent, or the number of inhabitants to less than three hundred, it places in the petitioners the power to fix the boundaries and thereby delegates legislative power to private persons. It is well established that legislative power may not be so delegated. *State ex rel. Kirschner v. Urquhart,* 50 Wn. (2d) 131, 310 P. (2d) 261; *State ex rel. Everett Fire Fighters v. Johnson,* 46 Wn. (2d) 114, 278 P. (2d) 662; *State v. Matson Co.,* 182 Wash. 507, 47 P. (2d) 1003.

■■ In approaching the problem, we bear in mind that the state constitution is not a grant, but a restriction on the law-making power, and the power of the legislature to enact all reasonable laws is unrestrained except where, either expressly or by fair inference, it is prohibited by the state or Federal constitution. Where the validity of a statute is assailed, there is a presumption of the constitutionality of the legislative enactment, unless its repugnancy to the constitution clearly appears or is made to appear beyond a reasonable doubt. *In re Bartz,* 47 Wn. (2d) 161, 287 P. (2d) 119; *Union High School Dist. v. Taxpayers of Union High School Dist.,* 26 Wn. (2d) 1, 172 P. (2d) 591, and authorities cited therein.

■ It is generally acknowledged that, in the absence of constitutional limitations, the power of a state legislature over the boundaries of the municipalities of the state is absolute, and that the legislature has power to extend the boundaries of a municipal corporation, or to authorize an extension of its boundaries, without the consent of the inhabitants of the territory annexed, or the municipality to which it is annexed, or even against their express protest. *Wheeler School Dist. v. Hawley,* 18 Wn. (2d) 37, 137 P. (2d) 1010.

See, also, annotation on the power to extend boundaries in 64 A. L. R. 1336; 62 C. J. S. 116, § 38; 2 McQuillin, Municipal Corporations, 256, § 7.02.

In *Wheeler School Dist. v. Hawley, supra,* this court held that it was within the legislative prerogative to leave the question of the creation of a proposed new district to a majority of the voters within the boundaries of such district, even though its territory includes an existing district whose inhabitants may be thereby subjected to the will and debts of a more populous district.

In *Hunter v. Pittsburgh,* 207 U. S. 161, 178, 52 L. Ed. 151, 28 S. Ct. 40, it was declared:

"Municipal corporations are political subdivisions of the State, created as convenient agencies for exercising such of the governmental powers of the State as may be intrusted to them. . . . The state, therefore, at its pleasure may . . . expand or contract the territorial area, unite the whole or a part of it with another municipality, repeal the charter and destroy the corporation. All this may be done, conditionally or unconditionally, with or without the consent of the citizens, or even against their protest. In all these respects the State is supreme, and its legislative body, conforming its action to the state constitution, may do as it will, unrestrained by any provision of the Constitution of the United States. Although the inhabitants and property owners may by such changes suffer inconvenience, and their property may be lessened in value by the burden of increased taxation, or for any other reason, they have no right by contract or otherwise in the unaltered or continued existence of the corporation or its powers, and there is nothing in the Federal Constitution which protects them from these injurious consequences. The power is in the State, and those who legislate for the State are alone responsible for any unjust or oppressive exercise of it."

Prior to the adoption of the state constitution, this court held that the power to define the situs of a municipal corporation, being vested in the legislature, could not be delegated to a court, which is a body incapable of exercising legislative functions. *Terr. ex. rel. Kelly v. Stewart,* 1 Wash. 98, 23 Pac. 405. It is upon this case that the respondents place their greatest reliance.

While, prior to the adoption of the constitution, the power of the legislature to create municipal corporations was unlimited, that power was modified by Art. XI, § 10, providing:

"Corporations for municipal purposes shall not be created by special laws; but the legislature, by general laws, shall provide for the incorporation, organization and classification in proportion to population, of cities and towns, which laws may be altered, amended or repealed."

It would serve no useful purpose to review all of the cases which have been cited by the parties and *amici curiae* wherein the question before us has been considered. The cases are in some conflict, many of them regarding a statutory procedure which authorizes the inhabitants of an area to designate the area proposed to be incorporated as a delegation of legislative or law-making power, and others regarding it as a mere designation of the conditions under which general laws will take effect. We have found no case in which statutory provisions exactly like ours were in question, that is, where a precisely limited discretion to change the proposed boundaries was vested in a legislative body.

The respondents point out, and rightly, that under the statute, petitioners may so designate the proposed boundaries as to include only three hundred inhabitants and thereby preclude any exercise of discretion by the board of county commissioners, or they may make it impossible to exclude all of the territory not properly includable within the proposed city or town by designating boundaries more than twenty per cent greater than the area which is suited to this form of local government. We will assume, therefore, that if the law in question is constitutional, it is because the legislature has the power to confer upon the majority of voters within an area designated by a minority of such voters the right to determine whether the area so designated shall become a city or town.

We find in Art. XI, § 10, no express prohibition of this type of authorization. The legislature is authorized to provide by general laws for the incorporation, organization,

and classification in proportion to population, of cities and towns. It may not designate boundaries itself, for such action would be in contravention of that portion of the provision which forbids it to create corporations for municipal purposes by special laws. But there is no restriction on the procedure which the legislature may prescribe by general laws for such incorporation; nor is there any express provision denying to the legislature the right to provide that the question of whether or not an area shall become incorporated shall be left to the will of the people residing therein. There is no express requirement that the designation of boundaries or any other matter should be made by a legislative body. If, therefore, there is any unlawful delegation involved in the statute, it is because the act contravenes Art. II, § 1, vesting the legislative powers in the senate and house of representatives.

It is generally conceded that under a constitutional provision such as ours, the legislature may enact general laws providing for the incorporation of municipal corporations, such as cities and towns and school districts, and it may provide the conditions on which such municipal corporations may be created, and leave to some officer or official body the duty of determining whether the prescribed terms and conditions exist, and, when found to exist, the law directs the creation of the municipal corporation. But in construing various statutes, the courts have not been in agreement on the question of whether, when the fixing of boundaries is left to the discretion of the inhabitants, the conditions on which the corporation may be formed have been sufficiently prescribed. Among the cases finding in such provisions an unlawful delegation of legislative power are *Rowe v. Ray,* 120 Neb. 118, 231 N. W. 689, 70 A. L. R. 1056; *People ex rel. Shumway v. Bennett,* 29 Mich. 451, 18 Am. Rep. 107; *Elliott v. Wille,* 112 Neb. 86, 200 N. W. 347. In accord with this view is *Terr. ex rel. Kelly v. Stewart, supra.*

We find more convincing, however, those cases which hold that provisions referring to the people directly affected the

right to determine whether to incorporate and the territory to be included in the corporation are in accord with the constitutional mandate.

In *People v. Ontario*, 148 Cal. 625, 84 Pac. 205, an action of *quo warranto* was brought to determine the validity of certain proceedings to annex territory to a municipality. It was urged that the act under which the annexation was made was unconstitutional, as it delegated to private citizens of the municipality, and not to any legislative body or board recognized by the constitution, the absolute power to determine finally the boundaries of the territory proposed to be annexed. The act provided that the question of whether the annexation should be made be submitted to the electors of the municipality and of the territory proposed to be annexed. It was held that there was, under the provisions of the state constitution, no unwarranted delegation of legislative power, and that the act, in respect to the objection made, was violative of no constitutional provision. The court then pointed out that, by the constitution, the legislature was limited to the enactment of general laws under which changes could be made in municipal boundaries, and that, by the nature of things, the legislature could not, by general laws, fix the boundaries of municipal corporations. The court said:

"The fixing of the boundaries of a municipality is ordinarily held to be the exercise of legislative power, but assuming it to be such in its nature, in view of the constitutional provision relative to the creation of municipal corporations, it does not follow that the legislature may not confer the power to declare the precise boundaries upon the electors of the district to be affected. The conferring of such power is not a delegation of legislative power at all, for the legislature is expressly prohibited from defining the boundaries. It fully exercised its own legislative power by the enactment of the general law in the matter. Necessarily, for the execution of such general law, the power to define the exact boundary-lines of each particular municipality created or enlarged after the adoption of the constitution must be by such a law placed somewhere."

In *In re Bonds of Madera Irr. Dist.,* 92 Cal. 296, 28 Pac. 272 (1891), the organization of an irrigation district was attacked on the ground that the law under which it was organized was beyond the legislative authority. In commenting on this contention, the court said:

"It is contended that the act is unconstitutional, for the reason that it is a delegation of the legislative power to create a corporation. If by this is meant that only the legislature can create such corporation, the answer is, that the constitution prohibits such action. If it is meant that because the corporation is not 'created' until the voters of the district have accepted the terms of the act, the answer is, that such proceeding is in direct accord with the principles of the constitution. Having the power to create municipal corporations, but being prohibited from creating them by special laws, the only mode in which such corporations could be created under a general law would be by some act on the part of the district or community seeking incorporation . . . to accept its terms. As the constitution has not limited or prescribed the character of such general law, its character and details are within the discretionary power of the legislature. We know of no more appropriate mode of such indication than the affirmative vote of those who are to be affected by the acceptance of the terms of the act."

In *Board of Directors of Northern Wasco County People's Utility Dist. v. Kelly,* 171 Ore. 691, 137 P. (2d) 295, it was said:

"The legislature has the power to pass a general law which shall be effective upon a contingency such as the affirmative vote of the electors in a given territory or part of the state. 11 Am. Jur., Constitutional Law, section 216; *Fouts v. Hood River,* 46 Or. 492, 498, 81 P. 370, 1 L. R. A. (N.S.) 483, 7 Ann. Cas. 1160. Moreover, it is not a delegation of the legislative function to make laws, for the legislature to pass a general law providing for the incorporation of municipal corporations, fixing the conditions upon which they may be created, and imposing upon some officer or official body the duty of determining whether such conditions exist. 11 Am. Jur., Constitutional Law, section 236; *Rowe v. Ray,* 120 Neb. 118, 231 N. W. 689, 70 A. L. R. 1056, 1060."

In *Dowell v. Board of Education of Oklahoma City,* 185 Okla. 342, 91 P. (2d) 771, the court disapproved the hold-

ings of such cases as *Rowe v. Ray, supra,* in the following language:

"Plaintiff in error relies on *Rowe v. Ray* (1930, Neb.), 231 N. W. 689, 70 A. L. R. 1056 (annotation p. 1062); *City of Hutchinson v. Leimbach* (1903, Kan.), 74 P. 598, and other cases from Kansas of the same import sustaining the proposition that the fixing of the boundaries of a school district, or drainage district, is a legislative function and that where a statute leaves the fixing of boundaries to private individuals, without the act itself providing for such boundaries or leaving discretion in a subordinate official or board to be exercised according to a prescribed guide or standard, it will be invalid as an attempt to delegate such legislative function to private persons.

"If the fixing of the boundaries of a school district is exclusively a legislative function, the contention made is correct under the authorities cited. However, with respect to municipalities and other political subdivisions of the state, there is a recognized exception to the accepted canon of constitutional law prohibiting the delegation of lawmaking power. 'It does not,' it is said, 'forbid the enactment of laws delegating to the people of local subdivisions of the state the decision of questions concerning them alone.' 12 C. J. 842, sec. 324. See general principles stated and cases collected in 12 C. J. 857, sec. 356 et seq."

The court held that, within that jurisdiction, the fixing of the boundaries of a school district was a purely local affair.

Other cases accepting the general principles set forth include *Cincinnati v. Rost,* 92 Ohio App. 8, 109 N. E. (2d) 290; *Long Island University v. Tappan,* 202 Misc. 956, 113 N. Y. S. (2d) 795; and *State ex rel. Zilisch v. Auer,* 197 Wis. 284, 221 N. W. 860, 223 N. W. 123. 1 McQuillin, Municipal Corporations (3d ed.) 558, § 3.27, states the general rule to be that the legislature has power to authorize the inhabitants of a proposed municipality to designate the boundaries in their petition for incorporation.

While *Terr. ex rel. Kelly v. Stewart, supra,* is the only case in Washington in which an unlawful delegation of power in a statute providing for the incorporation of cities and towns was alleged, and the only one in which we have

passed upon the question, it was recognized in *State v. Matson Co., supra,* at least impliedly, that the power to organize and adopt self-governing principles can properly be conferred on an indefinite class or group. In *Royer v. Public Utility Dist.,* 186 Wash. 142, 56 P. (2d) 1302, it was held that there was no delegation of legislative power in a statute which provides for the creation of public utility districts coextensive with the boundaries of the county, leaving it to the voters of the county to determine when the law should go into effect. And in *State v. Storey,* 51 Wash. 630, 99 Pac. 878, it was said:

"It is claimed by appellant that the act can become effective only upon the petition of ten freeholders, and that the taking effect of the act depends entirely upon the discretion of these freeholders, and that this amounts to a delegation of legislative power to these ten men in their private capacity. If we concede, for this case, that the county commissioners have no power to determine the facts or make the act effective without this petition, we still think it does not follow that there is any delegation of legislative power. The act was passed by the legislature. That authority may say definitely when an act shall take effect; or it may fix an indefinite time in the future upon the happening of some event before the act shall take effect. Cooley, Const. Lim. (7th ed.), p. 169. The mere fact that the act does not take effect until the contingency arises, does not indicate a delegation of legislative power, even where the contingency depends upon the action of certain persons. It is conceded, if we understand the appellant's position, that certain laws may become effective or not upon local judgment, and Cooley on Constitutional Limitations (7th ed.), pp. 173-4, is cited to that effect. In such cases it cannot be said that legislative authority is delegated. The local judgment merely accepts or rejects the operation of the legislative act."

In *Ferguson v. Snohomish,* 8 Wash. 668, 36 Pac. 969, we approved the prior statute conferring on the people the right, by popular vote, to determine whether the territory within proposed boundaries should be incorporated.

We think the statute in question does no more than provide that the privileges and powers of a municipal corporation shall be granted to the inhabitants of a portion of

a county not previously incorporated, when they are sufficient in number, and when a requisite percentage of them petition for the privilege of becoming incorporated and obtain the consent of the majority in a duly called election, after notice and hearing. The condition on which the law shall take effect, in other words, is simply that the people shall express their desire to avail themselves of its benefits. The proposal of boundaries by petitioners is no exercise of legislative power. No law is made thereby. It is only when the proposed boundaries have been accepted by a majority vote of those concerned that they become fixed, and such action is in accord with the principles of local self-government.

■■ If the law is unwise, as the respondents urge, that is a matter for legislative consideration; it is not a matter on which the court is competent to judge. That the law allows sparsely populated areas to become incorporated is no constitutional objection. *Ferguson v. Snohomish, supra.*

■ We find in the provisions of the law in question no unlawful delegation of legislative power. In so far as *Terr. ex rel. Kelly v. Stewart, supra,* is in conflict with this decision, it is hereby overruled.

It is also urged that, since the petitioners may so gerrymander the proposed boundaries as to foreclose any exercise of discretion on the part of the board of commissioners, the notice and hearing provided for in the statute is of no efficacy, and that objectors included within the proposed boundaries are thereby deprived of the right to have their properties excluded. The respondents contend that this is a denial of the due process. They rely upon *Drum v. University Place Water Dist.,* 144 Wash. 585, 147 Wash. 699, 258 Pac. 505, 266 Pac. 1056; *State ex rel. Great Northern R. Co. v. Herschberger,* 117 Wash. 275, 201 Pac. 2; and *Terr. ex rel. Kelly v. Stewart, supra.*

In the first case cited, it was held that in the formation of a local improvement district, involving a special assessment for special benefits, notice and hearing were necessary on the question of benefits, since one not benefited is

not properly subject to such an assessment. In the *Herschberger* case, we held that the statutory requirement of notice, upon a petition for formation of a town, must be complied with. There was no constitutional question involved in that case. The third case, *Terr. ex rel. Kelly v. Stewart, supra,* was decided upon the sole ground that the statute in question constituted an unlawful delegation of legislative power.

It cannot be denied that where a special assessment is proposed, all property owners are entitled to notice and hearing, for they have a right to have their property excluded if no benefit will result to it from the improvement. *East Hoquiam Co. v. Hoquiam,* 90 Wash. 210, 155 Pac. 754; *Vincent v. Shields,* 158 Wash. 262, 290 Pac. 819; 14 McQuillin, Municipal Corporations (3d ed.) 15, § 38.01. To the same effect is *Ferguson v. Snohomish, supra.*

The brief of the respondent is significantly silent as to what rights they will lose by the incorporation of the proposed town. By its terms, the due process clause applies only where there has been a deprivation of life, liberty, or property.

The imposition of a general tax upon agricultural lands for general municipal purposes does not constitute a taking of private property for public use without just compensation. This is the well-established rule, recognized by this court in *Ferguson v. Snohomish, supra,* and *Frace v. Tacoma,* 16 Wash. 69, 47 Pac. 219. It is also the law, dictum in *Drum v. University Place Water Dist., supra,* notwithstanding, that it is within the power of the legislature to authorize the inclusion of the property of nonconsenting owners within the boundaries of a city or town and the imposition of general taxes thereon. No question of due process is involved. *Hunter v. Pittsburgh, supra,* 64 A. L. R. 1359.

■ The legislature, however, has provided for notice and hearing on the question of the proposed boundaries, and for an election, after notice, to determine whether the proposed area, as adjusted by the board of county commissioners, shall be incorporated. It has provided that certain

facts must be found to exist before the proposal can be considered and has placed the duty of determining those facts upon a proper official. While the standards provided are minimal, it is not for this court to say what additional standards would be desirable, for this is a political question, solely within the province of the legislature. And if the legislature has limited the power of the board to exclude land within the proposed boundaries before the matter is submitted to the voters, it may have acted unwisely, but in doing so it has deprived the respondents of no constitutional right.

It is also suggested that the statute involves a denial of equal protection of the laws. No argument is made in support of this proposition. Needless to say, therefore, the respondents have failed to sustain the burden of showing the statute unconstitutional on this ground.

We find the statute not open to the objections raised in this proceeding.

The judgment is reversed.

ALL CONCUR.