LOUX, PLAINTIFF-APPELLANT, *v.* LAKEWOOD (CITY), ET,
DEFENDANTS-APPELLEES.

Ohio Appeals, Eighth District, Cuyahoga County.

No. 26545. Decided November 7, 1963.

*Mr. Thomas F. Ferris,* for plaintiff-appellant.
*Mr. John L. Lamb,* law director, for defendants-appellees.

SILBERT, J. This is an appeal on questions of law from a judgment entered in the Common Pleas Court sustaining a motion of defendants-appellees for summary judgment.

There is no dispute as to the facts involved in the case.

Plaintiff-appellant, after making due demand upon the law director, in accordance with Section 733.59, Revised Code, brought suit as a taxpayer and by his petition alleges that an ordinance fixing salaries of the members of the Lakewood City Council was void and in contravention of Article II, Section 20, of the Constitution of the State of Ohio. It is alleged that defendants-appellees were abusing their corporate powers by the misapplication of funds of the city for salary increases of the councilmen made and paid during the term for which they were elected. Plaintiff-appellant asked that the defendants be permanently enjoined from enforcing the provisions of this ordinance.

Subsequent to the joining of the issues, both plaintiff-appellant and defendants-appellees filed motions for summary judgment. Thereafter, the trial court overruled plaintiff-appellant's motion and granted defendants-appellees' motion and accordingly entered judgment for defendants.

The assignments of error propounded by the plaintiff-appellant are twofold:

"1. That the Trial Court committed prejudicial error in that the judgment of the Court is contrary to law in that the said Trial Court should have granted the Motion for Summary Judgment made by the appellant herein.

"2. That the Trial Court committed prejudicial error in that the judgment of the Court is contrary to law in that the said Trial Court should have overruled the Motion for Summary Judgment made by appellees herein."

We will address ourselves only to the granting of defendants-appellees' motion for summary judgment and not to the overruling of plaintiff-appellant's motion for summary judg-

ment, the same not being a final order. *Swanson* v. *Ridge Tool Co.*, 113 Ohio App., 357, 178 N. E. (2d), 255.

In 1912, Article XVIII of the Ohio Constitution, commonly referred to as the "Home Rule Amendment," was adopted which, in part, provides:

"3. Powers of. Municipalities shall have authority to exercise all powers of local self-government and to adopt and enforce within their limits such local police, sanitary and other similar regulations, as are not in conflict with general laws."

"7. Local Self-Government. Any municipality may frame and adopt or amend a charter for its government and may, subject to the provisions of Section 3 of this article, exercise thereunder all powers of local self-government."

In 1913 the electors of the City of Lakewood adopted a Charter which was last amended in 1957. The pertinent parts of the Charter which are germane to the case at bar are as follows:

Article I, Section 1, reads:

"The City of Lakewood shall have all power now or hereafter granted to municipalities by the Constitution and laws of Ohio."

Section 2 of the same Article reads:

"All powers shall be exercised in the manner prescribed by this Charter, or if not prescribed herein, then in such manner as shall be provided by ordinance or resolution of the Council. * * *"

Article III, Section 3, reads:

"The salaries of the Members of Council shall be established by ordinance of Council."

It should be noted that prior to amendment in 1957, Article III, Section 3, provided as follows:

"The salaries of members of Council shall be $600.00 per annum, payable in equal monthly installments; but said salary may be changed by ordinance, provided that such ordinance must be passed at least one year prior to the next regular municipal election."

The ordinance in question which increased the salaries of the members of council from $3000 to $4000 per year was adopted on March 18, 1962. On March 23, 1962, the Mayor vetoed the

ordinance and thereafter on April 2, 1962, Council passed the ordinance, overriding the veto of the Mayor.

The ordinance reads as follows:

"Ordinance No. 8-62.

"An Ordinance fixing the salaries of the members of the Council of the City of Lakewood, commencing April 1, 1962.

"Be It Ordained By The Council of the City of Lakewood, State of Ohio:

"Section 1. That commencing April 1, 1962, the salaries of the members of the Council of the City of Lakewood shall be $4000.00 per annum, payable in equal, semi-monthly installments or equal installments every two weeks.

"Section 2. That this ordinance shall take effect and be in force from and after the earliest period allowed by law and that Ordinance No. 47-93, adopted December 17, 1951, be and the same is hereby repealed."

Plaintiff-appellant contends that the action of Council in raising its salary, payable during the existing term for which it had been elected, was void and in contravention of Article II, Section 20, of the Constitution of the State of Ohio, which provides:

"The General Assembly, in cases not provided for in this Constitution, shall fix the term of office and the compensation of all officers; but no change therein shall affect the salary of any officer during his existing term unless the office be abolished."

The question presented for this court to decide is whether the Council of Lakewood, which is duly authorized by Charter to establish its own salaries, can lawfully increase the salaries during its term of office.

Through the enactment of the "Home Rule Amendment" to the Ohio Constitution, municipalities were given an alternative to the theretofore common law concept of municipalities being mere agencies of the state. By this amendment they were given the authority by Article XVIII, Section 3, "* * * to exercise all powers of local self-government and to adopt and enforce within their limits such local police, sanitary and other similar regulations, as are not in conflict with general laws." This vested municipalities with greater power to regu-

late their own affairs. In the case of *Schultz* v. *City of Upper Arlington*, 88 Ohio App., 281, 97 N. E. (2d), 218, "powers of local self-government" were said to be those that contemplate and include "only such powers as are local in the sense that they relate to municipal affairs of the particular municipality; * * * ."

The broad scope of these powers is indicated by the Supreme Court in *State, ex rel. Canada,* v. *Phillips*, 168 Ohio St., 191, 151 N. E. (2d), 722.

"4. The words 'as are not in conflict with general laws' found in Section 3 of Article XVIII of the Constitution, modify the words 'local police, sanitary and other similar regulations' but do not modify the words 'powers of local self-government.' "

See also, *Mullen* v. *City of Akron*, 116 Ohio App., 417, 188 N. E. (2d), 607.

There is no doubt that the compensation of Council members is purely indigenous to the municipality and this right cannot be abridged on the theory that it is an incurrence of a debt and therefore subject to Article XIII, Section 13, and Article XVIII, Section 6, of the Ohio Constitution.

A case in point is *City of Mansfield* v. *Endly*, 38 Ohio App., 529, 176 N. E., 462 (affirmed 124 Ohio St., 652, 181 N. E., 886), wherein it is stated:

"5. Ordinance fixing councilmen's salaries held within constitutional powers of 'local self government' and not unconstitutional as contravening legislature's power to control municipal indebtedness (Article XIII, Section 6 and Article XVIII, Sections 2, 3, and 13, Constitution).

"6. Municipal official's salary is not 'debt' within legislature's constitutional powers to control municipalities as regards tax limitation, maximum indebtedness, and expenditure of public funds (Article XIII, Section 6, and Article XVIII, Sections 3 and 13, Constitution).

"7. Councilmen's salaries, being within municipality's constitutional powers of local self-government, held 'provided for in Constitution,' within constitutional provision giving legislature power to fix compensation in all other cases (Article II, Section 20, and Article XVIII, Section 3, Constitution)."

In 38 Ohio Jurisprudence (2d), 588, Municipal Corporations, Section 200, it is said:

"* * * Furthermore the fixing of the salaries or other compensation of municipal officers is a matter within the powers of local self-government conferred by the Home Rule Amendment, free from the control of the General Assembly."

See also, Farrell-Ellis, Ohio Municipal Code, Volume 3, 11th Ed., page 124, Compensation, Section 3.46.

In Article II, Section 20, of the Ohio Constitution, the General Assembly is interdicted from changing the salary of any officer during his term but it specifically excepts "in cases not provided for in this Constitution." Therefore, by the adoption of the "Home Rule Amendment" municipalities are not bound by the provisions of this constitutional prohibition. This was accomplished by the City of Lakewood in enacting the provisions of its charter in regard to the fixing of salaries.

In Farrell-Ellis, Ohio Municipal Code, Volume 3, 11th Ed., page 125, Compensation, Section 3.46 (a), it is stated:

"* * * It would seem that the state legislature would not have the power even in the case of a city operating under the general plan of government to prohibit a municipality from changing the salary of an officer or employee during his term. Article II, Section 20 of the Constitution does not apply and there is no other constitutional provision which even appears to empower the general assembly to restrict the Home Rule Powers of the municipality to fix and change salaries in any manner the officials thereof deem proper. The fact that Article XVIII, Section 2 of the Constitution empowers the state legislature to provide for the framework of municipal government and the distribution of power among the governmental units in such framework in cases where municipalities have not adopted a charter or an optional plan of government, does not authorize it to curtail the power so distributed unless specifically authorized by constitutional provision to do so. To hold otherwise would be tantamount to saying that there is no Home Rule without the adoption of a charter or one of the optional forms of government. It seems clear that at least in the case of a charter municipality, the General Assembly has no authority to prohibit the increase or decrease in the salary of an officer during his term."

See also, 44 Ohio Jurisprudence (2d), 647, Public Officers, Section 150.

The passage of the aforesaid Ordinance No. 8-62 is a matter of purely local concern, regular in all respects and free from control by the General Assembly. The ultimate control as to the wisdom of such a move is reposed in the local electorate.

We, therefore, determine and hold that the Lakewood City Council by raising its salaries during its term of office in a manner prescribed by Charter was rightfully exercising the powers of local self-government under that Charter and its action was not repugnant to the laws and constitution of this state.

Judgment is affirmed.

Exceptions. Order see journal.

SKEEL, C. J., ARTL, J., concur.