[No. 5942–1–III.   Division Three.   December 20, 1984.]

THE CITY OF WENATCHEE, *Appellant,* v. THE BOUNDARY
REVIEW BOARD OF CHELAN COUNTY, *Respondent.*

*Larry M. Carlson, City Attorney, John Hotchkiss,
Assistant,* and *Carlson & Drewelow, P.S.,* for appellant.

*E. R. Whitmore, Jr., Prosecuting Attorney,* for respondent.

Munson, C.J.—The City of Wenatchee appeals the Chelan County Boundary Review Board's denial of a notice of intention to annex 11.8 acres. The City contends: (1) RCW 36.93, establishing boundary review boards, is a special law contrary to the Washington Constitution, article 11, section 10 (amendment 40); (2) the Review Board acted beyond its scope of authority under RCW 36.93; and (3) the Review Board decision was arbitrary and capricious. We affirm.

Mr. and Mrs. Rick Ford and Mr. and Mrs. M. T. Ford requested the City to annex 11.8 acres consisting of an orchard and two residences, ostensibly to obtain inexpensive cable television service. The Review Board first decided to annex only a portion of the Fords' land; the Superior Court reversed and remanded on the basis of procedural irregularities. The Review Board then held another hearing, at which Rick Ford, various neighbors, and public officials testified. Many of the Fords' neighbors opposed the annexation, fearing the land would be subdivided and further encroachment by the City would hamper their orchard operations.

The Review Board denied the proposed annexation and the City appealed as an aggrieved party. The Superior Court affirmed and the City timely appeals.

The City first contends RCW 36.93, establishing boundary review boards, is a special law contrary to the Washington Constitution, article 11, section 10 (amendment 40).[1] The City argues the discretion granted to review boards under RCW 36.93.170 and 36.93.180 constitutes a special law.[2]

---

[1] "Corporations for municipal purposes shall not be created by special laws; but the legislature, by general laws, shall provide for the incorporation, organization and classification in proportion to population, of cities and towns, which laws may be altered, amended or repealed."

[2] The City bolsters its argument with citations to the April 7, 1982, hearing.

■ A special law is one restricted to particular persons or places which does not include all the natural members of that class. *Everett v. Fire Fighters, Local 350*, 87 Wn.2d 572, 555 P.2d 418 (1976); *Aetna Life Ins. Co. v. Washington Life & Disab. Ins. Guar. Ass'n*, 83 Wn.2d 523, 537, 520 P.2d 162 (1974); *YMCA v. Parish*, 89 Wash. 495, 498, 154 P. 785 (1916). No Washington case has considered the constitutionality of RCW 36.93, but other statutes have been upheld under Const. art. 11, § 10 (amend. 40).

■ The issue in *Port of Tacoma v. Parosa*, 52 Wn.2d 181, 324 P.2d 438 (1958) was whether the Legislature could constitutionally delegate to county commissioners the authority to establish boundaries of proposed cities and towns, and delegate to the people affected the right to vote on the boundaries. The court set forth several general rules in reaching its decision. First, the state constitution is not a grant, but a restriction on the Legislature's power; the Legislature's power to enact reasonable laws is unrestrained except where expressly or by fair inference prohibited by the state or federal constitutions. *Port of Tacoma v. Parosa, supra* at 184. Second, a statute is presumed constitutional unless its invalidity clearly appears or is made to appear beyond a reasonable doubt. *Port of Tacoma v. Parosa, supra* at 184.

Regarding article 11, section 10 (amendment 40), the court stated:

> We find in Art. XI, § 10, no express prohibition of this type of authorization. The legislature is authorized to provide by general laws for the incorporation, organization, and classification in proportion to population, of cities and towns. It may not designate boundaries itself, for such action would be in contravention of that portion of the provision which forbids it to create corporations for municipal purposes by special laws. But there is no restriction on the procedure which the legislature may prescribe by general laws for such incorporation; nor is

That hearing is not at issue; the decision appealed from is based upon the October 20, 1982, hearing.

> there any express provision denying to the legislature the right to provide that the question of whether or not an area shall become incorporated shall be left to the will of the people residing therein. There is no express requirement that the designation of boundaries or any other matter should be made by a legislative body. If, therefore, there is any unlawful delegation involved in the statute, it is because the act contravenes Art. II, § 1, vesting the legislative powers in the senate and house of representatives.

*Port of Tacoma v. Parosa, supra* at 186–87. The court held leaving the fixing of boundaries to the inhabitants directly affected was in accord with Const. art. 2, § 1 (amend. 72).

The act creating the Municipality of Metropolitan Seattle was upheld in *Metropolitan Seattle v. Seattle,* 57 Wn.2d 446, 357 P.2d 863 (1960). The court held the benefits of the act encompassed any area of the state which may elect to qualify under it, and therefore the act was a general, not special, law. *See also Aetna Life Ins. Co. v. Washington Life & Disab. Ins. Guar. Ass'n, supra* (court held legislative classifications found in guaranty association act, RCW 48.32A, had a legitimate and reasonable basis, and therefore the act was not a special law).

Most of the cases cited by the Review Board deal with the constitutionality of the legislative delegations under the Washington Constitution, article 2, section 1 (amendment 72). That provision vests legislative powers in the State Legislature. *Port of Tacoma v. Parosa, supra.* The leading case is *Barry & Barry, Inc. v. Department of Motor Vehicles,* 81 Wn.2d 155, 500 P.2d 540 (1972), *appeal dismissed,* 410 U.S. 977, 36 L. Ed. 2d 173, 93 S. Ct. 1503 (1973), which held the Legislature may constitutionally delegate power to an administrative agency if the Legislature: (1) provides guidelines which indicate in general terms what is to be done and the administrative body which is to do it, and (2) provides adequate procedural safeguards to test the constitutionality of administrative rules and control arbitrary administrative action and abuse of administrative discretion. General standards are sufficient where the subject

matter will not admit of more precise standards. *McDonald v. Hogness*, 92 Wn.2d 431, 598 P.2d 707 (1979), *cert. denied*, 445 U.S. 962, 64 L. Ed. 2d 238, 100 S. Ct. 1650 (1980) (medical school admissions); *Yakima Cy. Clean Air Auth. v. Glascam Builders, Inc.*, 85 Wn.2d 255, 534 P.2d 33 (1975) (air pollution penalty ordinances); *Rody v. Hollis*, 81 Wn.2d 88, 500 P.2d 97 (1972) (human rights commission rules).

As the Review Board points out, RCW 36.93 is intended to cover all Washington counties. The purpose of RCW 36.93 is to promote logical growth of local government. RCW 36.93.010. For every annexation decision, the Review Board must consider the factors set forth in RCW 36.93.170[3] and attempt to achieve the objectives listed in RCW 36.93.180.[4] *Richland v. Franklin Cy. Boundary*

---

[3]RCW 36.93.170 states:

"In reaching a decision on a proposal or an alternative, the board shall consider the factors affecting such proposal, which shall include, but not be limited to the following:

"(1) Population and territory; population density; land area and land uses; comprehensive use plans and zoning; per capita assessed valuation; topography, natural boundaries and drainage basins, proximity to other populated areas; the existence of prime agricultural soils and agricultural uses; the likelihood of significant growth in the area and in adjacent incorporated and unincorporated areas during the next ten years; location and most desirable future location of community facilities;

"(2) Municipal services; need for municipal services; effect of ordinances, governmental codes, regulations and resolutions on existing uses; present cost and adequacy of governmental services and controls in area; prospects of governmental services from other sources; probable future needs for such services and controls; probable effect of proposal or alternative on cost and adequacy of services and controls in area and adjacent area; the effect on the finances, debt structure, and contractual obligations and rights of all affected governmental units; and

"(3) The effect of the proposal or alternative on adjacent areas, on mutual economic and social interest, and on the local governmental structure of the county.

"The provisions of chapter 43.21C RCW, State Environmental Policy, shall not apply to incorporation proceedings covered by chapter 35.02 [RCW], Incorporation Proceedings, or 35.03 RCW, Incorporation of First Class Cities, or 35A.03 RCW, Incorporation as a Noncharter Code City, or 35A.04 RCW, Incorporation of Intercounty Area as a Noncharter Code City."

[4]RCW 36.93.180 states:

*Review Bd.*, 100 Wn.2d 864, 870, 676 P.2d 425 (1984); *Spokane Cy. Fire Protec. Dist. 9 v. Spokane Cy. Boundary Review Bd.*, 97 Wn.2d 922, 652 P.2d 1356 (1982). An appeal procedure is set forth in RCW 36.93.160.

■ We hold RCW 36.93 adequately limits the discretion of the review boards and does not exclude natural members of any class. The fact one review board may grant annexation and another deny it on similar facts does not convert RCW 36.93 into a special law. RCW 36.93 is neither a special law under article 11, section 10 (amendment 40), nor an unconstitutional delegation of legislative power under article 2, section 1 (amendment 72).

The City next contends the Review Board acted beyond the scope of its authority because the stated purpose of RCW 36.93 is to create boundary review boards in metropolitan areas to act as referees between competing municipalities. RCW 36.93.010. The City points out Chelan County is not a metropolitan area and two municipalities are not competing for the Fords' property. The City thus implies the Review Board has *no* authority.

---

"The decisions of the boundary review board shall attempt to achieve the following objectives: .

"(1) Preservation of natural neighborhoods and communities;

"(2) Use of physical boundaries, including but not limited to bodies of water, highways, and land contours;

"(3) Creation and preservation of logical service areas;

"(4) Prevention of abnormally irregular boundaries;

"(5) Discouragement of multiple incorporations of small cities and encouragement of incorporation of cities in excess of ten thousand population in heavily populated urban areas;

"(6) Dissolution of inactive special purpose districts;

"(7) Adjustment of impractical boundaries;

"(8) Incorporation as cities or towns or annexation to cities or towns of unincorporated areas which are urban in character; and

"(9) Protection of agricultural lands.

"(10) Provide reasonable assurance that the extension of municipal services and the additional payments to be made by the property owners of the area to be annexed in the form of taxes will remain reasonably equal to the value of the additional municipal services to be received during a period of ten years following the effective date of the proposed annexation. This objective shall apply only to cities with a population of 400,000 or more which initiates [*sic*] a resolution for annexation proceedings."

■ One problem the Legislature sought to address in RCW 36.93 is haphazard extension of municipal boundaries. RCW 36.93.010. RCW 36.93.030 was amended by Laws of 1969, 1st Ex. Sess., ch. 111, § 1, p. 824 to permit any county, of whatever size, to establish a boundary review board. Review boards are empowered to review changes in boundaries, without mention of competition between municipalities. RCW 36.93.090, .100. The Review Board acted within the scope of its authority when it heard and decided the Fords' proposal.

The City argues the Review Board's decision advances none of the purposes set forth in RCW 36.93.010, and therefore is void under *Spokane Cy. Fire Protec. Dist. 9 v. Spokane Cy. Boundary Review Bd., supra.* That case holds at least one of the objectives listed in RCW 36.93.180 must be met before the Review Board's decision may be upheld. Here there is substantial evidence to support the uncontested findings that several of those objectives were met, *i.e.,* preservation of natural neighborhoods, preservation of logical service areas, use of physical boundaries, prevention of abnormally irregular boundaries, and most importantly, preservation of agricultural lands.

The City last contends the decision of the Review Board was arbitrary and capricious. RCW 36.93.160(6)(f). The City argues the Review Board made a prohibited land use decision. *Spokane Cy. Fire Protec. Dist. 9 v. Spokane Cy. Boundary Review Bd., supra.*

If this property were annexed, minimum lot size would be reduced from 1 acre to 7,000 square feet. As stated in *Spokane Cy. Fire Protec. Dist. 9 v. Spokane Cy. Boundary Review Bd., supra* at 924–25:

> It is true that it is not the function of a boundary review board to make land use decisions. The Board's decision in the instant case, however, was not a land use decision as such but approval of an extension of the City's boundaries. Such decisions are at the center of the Board's authority. *See* RCW 36.93.090(1); RCW 36.93-.100. The mere fact that the Board's decision has an incidental effect on land use does not put the decision

outside its authority. To hold otherwise would prevent the Board from reviewing any annexation where the annexing authority did not have a zoning classification identical to that applicable prior to annexation.

(Citations omitted.)

■ Arbitrary and capricious action is willful and unreasoning action in disregard of facts and circumstances; if there is room for two opinions, discretion exercised upon due consideration will not be overturned. *McDonald v. Hogness, supra.* The record reveals the Review Board heard and considered testimony by many witnesses, including Mr. Ford, at the hearing on October 20, 1982. It entered its findings and conclusions after considering the statutory criteria. The Review Board did not act arbitrarily or capriciously.

The Review Board and the Superior Court are affirmed.

GREEN and McINTURFF, JJ., concur.