CITY OF UNION ex rel. KIDWELL et al., Appellees,

v.

WINEMILLER, Clerk of Council, City of Union, Appellants.

[Cite as *Union ex rel. Kidwell v. Winemiller,* 156 Ohio App.3d 479, 2004-Ohio-1484.]

Court of Appeals of Ohio,
Second District, Montgomery County.

No. 20260.

Decided March 26, 2004.

Wanda L. Carter and Christopher E. Hogan, for appellees.

Joseph P. Moore and Philip B. Herron, for appellants.

———————

FREDERICK N. YOUNG, Judge.

{¶ 1} The city of Union City Council, its Clerk, and the city of Union itself, appeal from the denial by the trial court of their motion for summary judgment and the order of the trial court enjoining them from taking any action that is inconsistent with a charter amendment adopted by the voters of Union on November 7, 2000. The charter amendment required that the city not accept any annexations unless it first obtains approval by the majority vote of the electorate of the city of Union at either a special or general election. After the passage of that amendment, the Law Director for the city of Union informed the city council that it was his opinion that the aforesaid charter amendment was unlawful, conflicts with a state annexation law, and that it need not be followed.

{¶ 2} On September 16, 2003, the Montgomery County Board of County Commissioners approved two petitions to annex two separate parcels of land in Butler Township to the city of Union. These petitions were delivered to the city on September 18, 2003, and pursuant to state law, the clerk was required to present these petitions to the council at its first regular meeting occurring 60 days after these petitions were delivered to the city, which would have been November 24, 2003.

{¶ 3} On October 8, 2003, the appellees herein, Butler Township Board of Trustees, and Ronald Kidwell sued the appellants herein to obtain injunctive relief to compel the council and the clerk to comply with the provisions of the aforesaid charter amendment.

{¶ 4} The trial court granted the appellees most of the relief they sought, denied the appellants' motion for summary judgment, and, without citations or reasoning, merely stated that "the Charter amendment does not violate the Ohio Constitution." Undoubtedly, the court made the decision in such a summary fashion because in its decision it stated that the parties had "agreed that the only matters remaining are issues of law which will be addressed here in short fashion as they will likely be resolved at the appellate level." Id.

{¶ 5} The appellants appeal from the trial court's decision and assign it as in total error. We agree with the appellants.

{¶ 6} The review of a trial court's denial or grant of summary judgment is de novo. *Grafton v. Ohio Edison Co.* (1996), 77 Ohio St.3d 102, 105, 671 N.E.2d 241.

{¶ 7} The Supreme Court of Ohio has already determined that annexation is not a matter of local self-government. Annexation laws enacted by the General Assembly are general laws and "activities by way of charter, ordinance, or otherwise, of municipalities may not be in conflict therewith." *In re Annexation in Miami Twp.* (1990), 52 Ohio St.3d 124, 129, 556 N.E.2d 1140.

{¶ 8} On appeal, the appellees maintain that there is no conflict here because ordinances approving annexations by the city council may still be voted upon by the voters of the city because all ordinances of the city council are subject to referendum.

{¶ 9} We find there is a conflict, however, because the Ohio General Assembly has granted to the governing body of cities the right to initially accept or decline an annexation. The charter amendment in question here takes away that power from the governing body and puts it to the initial test by a vote of the electorate. The vote must be held before the city governing body considers the annexation petition, which deprives the electorate of any of the reasoning of the governing body before the vote is held. To require such a vote of the electorate before the city governing body can act is a definite intrusion into the laws of annexation as promulgated by the Ohio General Assembly. We agree with the Court of Appeals for Franklin County, which held as long ago as 1950 that a section of a charter of the city of Arlington, which is identical to the charter amendment at issue here, was in conflict with the general laws passed by the Ohio General Assembly and was, therefore, void and of no effect. *Schultz v. Upper Arlington* (1950), 88 Ohio App. 281, 44 O.O. 488, 97 N.E.2d 218. No other court in Ohio has held to the contrary.

{¶ 10} The assignment of error is sustained. The judgment is reversed, and the case is remanded to the trial court for further proceedings consistent with this opinion.

Judgment reversed
and cause remanded.

BROGAN and GRADY, JJ., concur.