[No. 29838. Department One. August 1, 1946.]

C. E. DIXON, *Appellant,* v. THE CITY OF BREMERTON *et al., Respondents.*[1]

*Young & Johnsen,* for appellant.

*James W. Bryan, Jr., John C. Merkel,* and *W. Todd Elias,* for respondents.

[1] Reported in 171 P. (2d) 243.

MALLERY, J.—On March 28, 1945, the city of Bremerton annexed the territory described as follows:

"All lands in the North one-half of the North one-half of Section 13, Township 24 North of Range 1 East, W.M., lying East of the present City Limits of the City of Bremerton (such City Limits being the East boundary line of Bremerton Garden Tracts and the East boundary line of Eastpark Housing Project), also, all lands in Section 12, Township 24 North of Range 1 East, W.M., lying East and South of the present City Limits of the City of Bremerton, all in Kitsap County, Washington."

The plaintiff's land lies within the annexed territory, and, after the ordinance providing for annexation became effective, defendant George Nutter, the city treasurer, demanded payment by plaintiff of the charges for the collection of garbage, as provided by city ordinance. Whereupon, the plaintiff brought this action against the city of Bremerton and its treasurer, seeking judgment declaring the annexation null and void and a decree enjoining the city of Bremerton and its officers from prosecuting plaintiff for violation of its ordinances.

To the amended complaint, the defendants interposed a demurrer, which was sustained. Thereafter, the court entered a judgment of dismissal, and this appeal followed.

Among other things, it is alleged in the complaint that the territory is rural in character and is presently utilized for farming purposes, most of which are unlawful within the city limits; that the territory adjoins Eastpark, a housing project owned by the United States of America, which is of semipermanent character; that the buildings now erected in this housing project, under existing law, must be removed within two years after the war, and the area upon which said housing is presently located will become vacant and unoccupied; that thereafter it will be impossible for the city of Bremerton to provide adequate police and fire protection for the territory which it now seeks to annex.

The appellant contends that the description of the territory annexed is indefinite and uncertain. We hold otherwise.

The "present city limits," at the time of the annexation, are definite and a matter of record, and the former annexation ordinances and the former city limits, which are of record, are properly subject to judicial notice. That being the case, any person or surveyor can determine the territory included in the annexation in question.

"If a surveyor, by applying the rules of surveying, can locate the land as described in a deed, the description is sufficient." *State ex rel. Johnson v. Sarasota,* 92 Fla. 563, 109 So. 473.

This case was noted in 43 C. J. 107. In citing this case, it was said:

"However, a description is not void for uncertainty where it is not so uncertain as to render impossible the ascertainment of the boundaries intended to be established and the territory intended to be included therein."

This question has been discussed and decided because the appellant seeks a decree the effect of which would be to exclude him from the provisions of the ordinances providing for the collection of garbage charges, and hence involves the question of whether his land is within or without the city limits.

■ Appellant contends that the annexation ordinance is null and void and, by this collateral proceeding, seeks a judgment declaring it to be so. Upon this contention, this state follows the majority rule as set out in 37 Am. Jur. 649, § 32:

"The general rule is that the state alone may question the validity of ordinances extending the corporate limits of a municipal corporation, and that private parties are not authorized to attack in a collateral proceeding the corporate existence of such a corporation as to its additions."

We have followed this general rule in *Ferguson v. Snohomish,* 8 Wash. 668, 36 Pac. 969, 24 L. R. A. 795; *Frace v. Tacoma,* 16 Wash. 69, 47 Pac. 219; and *Kuhn v. Port Townsend,* 12 Wash. 605, 41 Pac. 923, 50 Am. St. 911, 29 L. R. A. 445.

It is true there are some states which follow a minority rule, contrary to our own, and appellant's citations in sup-

port of his position are either from such minority rule states, are clearly distinguishable on the facts, or are controlled by statutes dissimilar to our own.

We therefore hold that the ruling of the court in sustaining a demurrer was correct, and hence the judgment is affirmed.

BEALS, C. J., MILLARD, and STEINERT, JJ., concur.

SIMPSON, J., concurs in the result.