175 P.2d 404

### THOMAS v. RIGGS.
### No. 7287.

Supreme Court of Idaho.
Dec. 16, 1946.

224

Jess Hawley and James H. Hawley, both of Boise, for appellant.

Frank Langley, Atty. Gen., and P. J. Evans and J. R. Smead, Asst. Attys. Gen., for respondent.

J. L. Eberle, of Boise, and Earl E. Garrity, of Nampa, amici curiæ.

HOLDEN, Justice.

This proceeding was commenced May 7, 1945, under the Uniform Declaratory Judgment Act (chap. 70, p. 113, 1933 S.L.), in the District Court of Ada county by Ben Thomas for a declaratory judgment on the constitutionality of chap. 112 of the Session Laws of 1945 (p. 171), known as "The Idaho Coin Operated Amusement Device Control Act". July 3, 1945, leave therefor having been first obtained, H. P. Fails filed a complaint in intervention by which he also sought a declaratory judgment on the constitutionality of the statute.

August 17, 1945, plaintiff and appellant Thomas sought and was granted leave to file an amended complaint. August 27, 1945, intervenor Fails obtained leave to amend his complaint. Both complaints (plaintiff's and intervenor's) challenged the constitutionality of "The Idaho Coin Operated Amusement Device Control Act", hereinafter referred to as the Control Act. October 4, 1945, respondent's demurrer to the Thomas complaint as well as his demurrer to intervenor's complaint were sustained, without privilege of further amendment, and the action dismissed. Plaintiff Thomas, alone, appeals.

■ It appears from the record respondent, Commissioner Riggs, in the court below, by demurrer sustained by the court, challenged appellant's legal capacity to sue. If appellant was without legal capacity to prosecute this proceeding, as held by the trial court, the judgment appealed from must be affirmed, in which case it will not be necessary to pass on any other question. On the other hand, if appellant had legal capacity to sue, the judgment must be reversed and the cause remanded for further proceedings. The record discloses appellant alleged:

"That plaintiff is a citizen and tax payer of the State of Idaho, residing at Boise, Ada County, Idaho, and he and others similarly situated are opposed to the violation of the anti-gambling statutes of the State of Idaho, and particularly to the licensing of slot machines and other mech-

anical lottery devices, as being against the best interests of the people of the State of Idaho.

\* \* \* \* \* \*

"That the enforcement of said anti-gambling act as against the operators and players of slot machines licensed under said Control Act is a matter of grave public concern and moment."

At the outset it should be stated no question is presented on this appeal either as to the constitutionality of the Control Act or the enforcement of the anti-gambling statutes of the state. The sole and only question decided by the trial court was that appellant did not have legal capacity to prosecute this proceeding. Hence, whether the court erred in so holding depends upon whether, being a citizen and taxpayer and opposed to gambling, taken in connection with appellant's allegation, that the enforcement of the anti-gambling statute of the state against licensed operators of slot machines was "a matter of grave public concern and moment", is sufficient, under the statute (Uniform Declaratory Judgment Act, supra), the proceeding being purely statutory, to confer upon appellant the necessary legal capacity.

Appellant cites and relies upon State ex rel. Miller v. State Board of Education, 56 Idaho 210, 52 P.2d 141. That case discloses a rather distressing situation existed at the State University at Moscow, in this: That there were some 2,300 students enrolled; that the University's only hospital facility was an old residence building, with about fifteen beds, and that an emergency existed for an infirmary and adequate hospital facilities, and that the State Board of Education and Board of Regents of the University proposed to enter into a contract with the United States, to grant to the University funds for the construction of an infirmary. There was grave doubt as to whether chap. 55, First Extra Sess., 1935, conflicted with sec. 3, art. 8 of our constitution, in so far as that chapter authorized the Board of Regents of the University, as a corporation, to issue and sell bonds, the proceeds of the sale to be used in the construction of an infirmary, the bonds to be amortized over a period of thirty years and paid from revenues accruing from the operation of the proposed infirmary. Instead of first entering into a contract with the United States and incurring considerable expense in the matter, and then and having done that, asks the courts to determine whether the contract was valid or invalid, a proceeding was commenced in the District Court of the Second Judicial District, for Latah County, for a declaratory judgment determining whether the Board of Regents did, or did not, have a right to enter into the proposed contract with the United States. On appeal this court, for reasons which will presently appear, concluded to pass on the matter of the right of the Board of Regents to enter into the contract, but warned "future litigants" the case should not be taken as a precedent, point-

ing out the statute contemplated some specific adversary question. We quote:

"The Declaratory Judgment Act (chapter 70, 1933 Sess. Laws) contemplates some specific adversary question or contention based on an existing state of facts, out of which the alleged 'rights, status, and other legal relations' arise, upon which the court may predicate a judgment 'either affirmative or negative in form and effect.' Section 1 of Declaratory Act.

"The questioned 'right' or 'status' may invoke either remedial or preventive relief; it may relate to a right that has either been breached or is only yet in dispute or a status undisturbed but threatened or endangered; but, in either or any event, it must involve actual and existing facts." State ex rel. Miller v. State Board of Education, supra, 56 Idaho, p. 217, 52 P.2d 144.

Later, in Whitney v. Randall, 58 Idaho 49, 58, 70 P.2d 384, and State ex rel. Diefendorf v. Idaho Egg Producers, 59 Idaho 38, 41, 80 P.2d 28, the above holding of this court in State ex rel. Miller v. State Board of Education was quoted 'and adhered to.

■ It will be observed we did not hold that either citizenship, payment of taxes or being opposed to gambling was sufficient under the statute (Declaratory Judgment) to confer the necessary legal capacity upon a litigant to test the constitutionality of a statute. We held the Declaratory Judgment Act "Contemplates some specific adversary question * * * out of which

* * * 'rights, status and other *legal* relations' arise, * * * or a status undisturbed but threatened or endangered". (Emphasis added.) Appellant, in the case at bar, did not allege what *legal* right he enjoyed, if any, as either a citizen or taxpayer, was "threatened or endangered". He alleged simply he was a citizen and taxpayer, that he was opposed to gambling, and that the enforcement of the anti-gambling statute against licensed slot machine operators was "a matter of grave public concern and moment." But, again, appellant did not allege in what respect, if any, the alleged failure to enforce the anti-gambling statutes against licensed slot machine operators, "threatened or endangered" any *personal, legal* right he possessed.

■ But appellant insists, nevertheless, that "This is a matter of such public importance that the Court, irrespective of all other considerations, should consider the constitutional questions involved", and in support of that contention again cites State ex rel. Miller v. State Board of Education, supra.

As hereinbefore stated, and as pointed out by this court in State ex rel. Miller v. State Board of Education, supra, there were 2,300 students enrolled at the University; the University's only hospital facilities were an old residence building, with about fifteen beds; an emergency existed for an infirmary and hospital facilities; there was an opportunity to provide

the urgently needed hospital facilities if the Board of Regents could enter into a contract with the United States, under the terms of which the federal government would grant to the University for the construction of an infirmary, as a relief project, $49,682 as a gift and $68,500 on a thirty-year amortized loan. We stressed the fact it was only the pressing emergency thus shown to exist and the importance of providing adequate hospital facilities for those 2,300 students that "induced us" to assume jurisdiction, stating "We feel constrained to announce, *as a warning to future litigants, that the assumption of jurisdiction in this case shall not be taken as a precedent for future cases."* (Emphasis added.) However, and notwithstanding that stern warning, appellant is not only using State ex rel. Miller v. State Board of Education, supra, as a precedent, but strenuously insists it supports his alleged right to prosecute this proceeding.

■ Furthermore, we have not found, after diligent search, and appellant has not directed our attention to, any provision in our Declaratory Judgment Act providing that either citizenship, payment of taxes or any matter of "public importance" would, either singly or collectively, be sufficient to confer the necessary *legal* capacity upon a litigant to prosecute a proceeding under the above mentioned Act. This court has no power whatever to legislate into our Declaratory Judgment Act a provision providing, for instance, that "public import-

ance" of a question as to the constitutionality of a statute would be sufficient to confer *legal* capacity. The legislature, and the legislature only, under our constitution, has power to legislate. By holding as we do that appellant is without legal capacity to prosecute this proceeding, does not mean the constitutionality of the Control Act cannot be tested. There are numerous persons who possess the required legal capacity and, further, there is also other procedure by which the constitutionality of that statute may be tested.

Judgment affirmed with costs awarded to respondent.

MILLER, J., and SUTPHEN, D. J., concur.

GIVENS, Justice.

I concur in the conclusions reached that the amended complaint does not allege sufficient facts to justify this action by appellant. Williams v. Baldridge, 48 Idaho 618 at page 626, 284 P. 203; In re Allmon, 50 Idaho 223, 294 P. 528; In re Brainard, 55 Idaho 153, 39 P.2d 769; Twin Falls Canal Co. v. Huff, 58 Idaho 587, 76 P.2d 923; Albrethsen v. State, 60 Idaho 715, 96 P.2d 437; Utah Power & Light Co. v. Pfost, 286 U.S. 165, 52 S.Ct. 548, 76 L.Ed. 1038; Washington Water Power Co. v. City of Coeur d'Alene, Idaho, D.C., 9 F. Supp. 263.

BUDGE, J., sat at the hearing but expresses no opinion.