148

## 16718

### WHITTINGTON v. ALLEN ET AL.
(74 S. E. (2d) 579)

*Messrs. W. B. Hawkins* and *Herbert Britt,* of Dillon, and *McDonald & McGowan,* of Florence. *for Appellants,*

*Mr. A. F. Woods* of Marion, *for Respondent,*

February 12, 1953.

TAYLOR, Justice.

This case is here on appeal from Dillon County, the appeal being from an Order of Honorable G. Duncan Bellinger then presiding in Dillon, overruling a demurrer filed to the complaint by certain of the defendants. The action seeks recovery of three of four dollars alleged to have been paid by plaintiff for a marriage license. It appears from the allegations of the complaint that the plaintiff made application for a license in November, 1950, and according to his complaint, W. E. Allen, Judge of Probate of the County of Dillon, demanded of him the sum of $4.00, which was claimed under an act of the General Assembly of the State of South Carolina, approved February 5, 1948, and being Act Number 603, Acts of 1948, page 1612. In return for this sum of money the Probate Judge gave the plaintiff a receipt for $4.00, stating therein that $3.00 of said sum had been paid under protest by the plaintiff and that the same was illegally charged because he, the plaintiff, could buy a license in adjoining counties for only $1.00.

To this complaint the defendants, County of Dillon and J. B. Cole, Treasurer of Dillon County, filed a demurrer because, as stated in the notice thereof, the complaint did not state facts sufficient to constitute a cause of action because the same did not allege any fact or facts showing the payment by the plaintiff was involuntary and that it did not allege a fact or facts showing compulsion or coercion with regard to said payment. Upon the hearing before Judge Bellinger, then holding a regular term of Court in Dillon County, the demurrer was overruled. Judge Bellinger stated in his Order that in his view the holdings of this Court

in *Baker v. Allen,* 220 S. C. 141, 66 S. E. (2d) 618, were so conclusively adverse to all the contentions presented by the demurrer that the demurrer must be necessarily overruled. The case comes here on three exceptions, the gist of which are that the complaint attacked contains no allegations, first, that the payment of $4.00 was involuntary and, secondly, that it contains no allegation that the same was made under coercion and that Judge Bellinger was further in error in holding that this case is controlled by the *Baker case, supra.*

We agree with the court below that under the prevailing opinion in the *Baker case* the complaint here states a cause of action. It was there held that the pleadings raised factual issues which must be determined on trial.

Appellants apparently overlook the allegation in the complaint that the plaintiff could not obtain a marriage license otherwise and that accordingly he paid under protest the amount demanded. It is our view that this language sufficiently alleges other circumstances so as to make an issue of fact as to the involuntary character of the payment of the three dollars. It must be remembered that on demurrer to a pleading, the same must be liberally construed in favor of the party proposing same.

It is accordingly ordered that the exceptions in this appeal and the same are hereby overruled and the Order of Judge Bellinger affirmed.

BAKER, C. J., and FISHBURNE, STUKES and OXNER, JJ., concur.