342 P.2d 719

Gilbert GREER, Carl L. Markowski, E. A. Erickson, Ralph Wiley, Emilie Heinrich, Dorothy M. Montague, C. L. Thompson, Anna Nail, Charles O. Jones, Albert Blinzler, Edward Leachman, John W. Painter, George LaPlante, C. A. Earl, D. F. McDermott, M. R. Smailes, A. E. Riggers, H. A. Jess, Plaintiffs-Appellants,

v.

LEWISTON GOLF & COUNTRY CLUB, INC., Elks Company, a corporation, and the City of Lewiston, Defendants-Respondents.

No. 8771.

Supreme Court of Idaho.

July 15, 1959.

J. H. Felton, Warren Felton, Lewiston, for appellants.

James W. Givens, John H. Bengtson, Lewiston, for respondents.

TAYLOR, Justice.

Plaintiffs (appellants), as resident electors and taxpayers of the city of Lewiston, brought this action against defendants (respondents) seeking a judgment declaring void an ordinance of the city, disannexing certain real property therefrom. The property detached from the city is owned by the defendant, Elks Company, a corporation, and is leased and occupied by the defendant, Lewiston Golf & Country Club, Inc.

The defendant, city of Lewiston, is a municipal corporation organized under a charter granted by the state legislature.

December 30, 1957, ordinance no. 2199 was enacted disannexing the country club property from the city. The ordinance was passed under suspension of rules pursuant to an emergency declared by the council upon written request of the mayor, as permitted by the charter. The charter provides procedure for annexation of territory to the city, but does not specifically set forth procedure to be followed for disan-

nexation. In this case the mayor and council followed the procedure provided by the charter for annexation, claiming the right to do so under the general powers granted by the charter, as follows:

"May exercise all municipal powers necessary, or which may be deemed expedient for the complete and efficient management and control of the municipal property and the administration of the municipal government and necessary or expedient to maintain the public peace, morals and good order, protect property and promote the public welfare, and preserve the health of the inhabitants of the city, whether such powers be expressly enumerated herein or not; and may have and exercise within the city limits all governmental and police powers, subject to the limitations prescribed by the Constitution and laws of the State and of the United States.

"May exercise all such powers as are necessary or incidental to the powers herein granted. Shall have and enjoy such powers and authority as are by common law granted to corporations of like character and degree, and shall have and enjoy all powers and authority granted by any general laws of this state to municipalities of like character and degree and not inconsistent with this Charter." Charter of the City of Lewiston, 1947 Revision, Chap. 1, § 2 C, p. 9.

The plaintiffs contend that since the charter does not contain procedure for disannexation, the city must look to the general law of the state for the power and procedure for disannexation, pursuant to the provision of the charter last above quoted. The general law, I.C. Title 50, Chap. 24, authorizes the councils of cities to exclude territory therefrom "after proceedings had as required in this chapter." § 50–2401, I.C. The requirements of Chap. 24 were not complied with by the mayor and council in this case.

Defendants urge want of capacity of the plaintiffs to maintain this action.

■■■■ The facts are not in dispute. Plaintiffs claim only the right of citizens and taxpayers generally, and in their complaint allege that they bring the action on behalf of themselves and all other taxpayers of the city. They claim no "special interest" or injury resulting from the ordinance peculiar to themselves. The trial court concluded that they had not established a justiciable controversy, nor that any right personal to themselves had been damaged by the action of the city, and dismissed the action.

" * * * Only those to whom a statute applies and who are adversely affected by it can draw in question its

constitutional validity in a declaratory judgment proceeding as in any other." Alabama State Federation of Labor, Local Union, etc. v. McAdory, 325 U.S. 450, at page 463, 65 S.Ct. 1384, at page 1390, 89 L.Ed. 1725, at page 1736.

Twin Falls Canal Co. v. Huff, 58 Idaho 587, 76 P.2d 923; Albrethsen v. State, 60 Idaho 715, 96 P.2d 437; Poffenroth v. Culinary Workers Union Local No. 328, 71 Idaho 412, 232 P.2d 968; State ex rel. Nielson v. City of Gooding, 75 Idaho 36, 266 P.2d 655.

" * * * In order to maintain an action for a declaratory judgment a person must have an interest peculiar to himself and not merely such interest as the public generally has. Thus, a taxpayer does not, as such, have the right to maintain an action for a declaratory judgment as to a statute or ordinance where his personal rights are not involved and cannot be affected, at least where the expenditure of funds is not involved. However, it has been held that a taxpayer may, at least in some circumstances, be entitled to seek declaratory relief with respect to determining the validity of a statute or ordinance, as where he has a real interest distinct from that of the public generally, or where a substantial expenditure or substantial waste of public funds is involved." 26 C.J.S. Declaratory Judgments § 118, pp. 270–271.

In Thomas v. Riggs, 67 Idaho 223, 175 P.2d 404, this court held that a citizen and taxpayer, without other interest, did not have capacity to maintain an action for declaratory judgment to test the constitutionality of the Amusement Device Control Act of 1933; and that the allegation that the issue was of such public importance the court should consider the questions presented, did not obviate the necessity of showing that a right or status, personal to plaintiff, was endangered or threatened by the act. After quoting from State ex rel. Miller v. State Board of Education, 56 Idaho 210, 52 P.2d 141, as to the necessity for a specific adversary question or contention and a personal right or interest of the plaintiff therein, the court said:

"Furthermore, we have not found, after diligent search, and appellant has not directed our attention to, any provision in our Declaratory Judgment Act providing that either citizenship, payment of taxes or any matter of 'public importance' would, either singly or collectively, be sufficient to confer the necessary *legal* capacity upon a litigant to prosecute a proceeding under the above mentioned Act." 67 Idaho at page 228, 175 P.2d at page 407.

The country club had been for a number of years paying license fees to the city for the privilege of selling liquor by the drink. Plaintiffs contend that the loss to the city of property taxes and license fees resulting

from the ordinance will cause an increase in the tax burden upon the remaining taxpayers of the city. However, this increased burden is common to all such taxpayers and is not a "special interest" or injury peculiar to plaintiffs.

The property was not taxed during the time it was within the city limits, but was treated by the assessor as exempt. In its pretrial order, the trial court found that the property was placed upon the tax rolls of the county as taxable property in the year 1958. There are no outstanding bonds or other obligations of the city, nor any improvement district securities, incumbering the property detached.

Pursuant to the charter, the ordinance in question specifically provides:

"Section 3. That this ordinance is adopted subject to the referendum provisions of the Charter of the City of Lewiston.

"Section 4. That this ordinance shall take effect and be in force 30 days after its passage, approval and publication."

The ordinance was published and filed in conformity with the charter. The referendum provision of the charter is as follows:

"If, after the publication of such ordinance and prior to the time when the same goes into effect, a petition, in writing, shall be presented; signed by not less than three hundred (300) of the duly qualified electors of such city, requesting that such ordinance be submitted to the electors at an election to be called therefor, the council shall, as soon as may be after the filing of such petition, provide for such election, and submit the said ordinance thereat." Charter of the City of Lewiston, 1947 Revision, Chap. V, § 73, p. 25.

Whether or not the ordinance will be effective is determined by a majority vote.

■ Taxpayers have been held qualified to maintain an action to test the validity of a statute or ordinance which increases the tax burden. Annotation 174 A.L.R. 555, et seq., Gorman v. City of Phoenix, 70 Ariz. 59, 216 P.2d 400. Generally cases so holding involve an alleged illegal expenditure of public money. Lyon v. Bateman, 119 Utah 434, 228 P.2d 818; Noble v. City of Lincoln, 153 Neb. 79, 43 N.W.2d 578; Arens v. Village of Rogers, 240 Minn. 386, 61 N.W.2d 508. Among cases holding that taxpayers, having no interest except such as is common to all other like-situated taxpayers, may not maintain an action to test the validity of a statute or ordinance, are: Dixon v. City of Bremerton, 25 Wash.2d 508, 171 P.2d 243; Schroder v. City of Lincoln, 155 Neb. 599, 52 N.W.2d 808; Wright v. Nashville Gas & Heating Co., 183 Tenn. 594, 194·S.

**398**

W.2d 459; Spiking School Dist., etc. v. Purported Enlarged Sch. Dist., etc., 362 Mo. 848, 245 S.W.2d 13; Schmidt v. Goshen School Dist., Mo.App., 250 S.W.2d 834; Bull v. Stichman, 189 Misc. 590, 72 N.Y.S. 2d 202; McGee v. Dunnigan, 138 Conn. 263, 83 A.2d 491; Povey v. School Committee of Medford, 333 Mass. 70, 127 N.E. 2d 925; Manning v. Dillon County, 223 S.C. 240, 75 S.E.2d 250.

The question as to whether the city of Lewiston may detach property, as done in this case, by virtue of its charter powers, or whether it must follow the general law enacted by the legislature for all municipalities of the state, may be doubtful. However, we do not pass upon that issue.

■ The insignificant increase in plaintiffs' tax burden, due to the loss of taxes and license fees by reason of the ordinance, is not sufficient to establish their right to maintain this action. Moreover, their remedy by way of referendum, as provided by the charter and ordinance in question, was adequate and complete.

Judgment affirmed.

Costs to respondents.

PORTER, C. J., SMITH and McQUADE, JJ., and GRAF, D. J., concur.

KNUDSON, J., not participating.