44 P.3d 1157

Baxter C. YOUNG, John D. Jacoby, Fred White, Judy White, Tom Bartlett, and Frank Suhadolnik, Plaintiffs–Appellants,

v.

CITY OF KETCHUM, an Idaho Municipal Corporation; Guy Coles, Mayor; Randy Hall, David Hutchinson, Maurice Charlatt and Christine Potters, Council Members, City of Ketchum, Defendants–Respondents.

No. 26540.

Supreme Court of Idaho,
Twin Falls, November 2001, Term.

March 26, 2002.

E. Lee Schlender, Chtd., Hailey, for appellants. E. Lee Schlender argued.

Margaret J. Simms, City Attorney, Ketchum; for respondents. Margaret J. Simms argued.

Hawley, Troxell, Ennis & Hawley, LLP, Ketchum, appeared as *Amicus Curiae* for the City of Sun Valley in support of the respondent City of Ketchum, but did not participate in the oral argument.

TROUT, Chief Justice.

Baxter Young *et. al.* ("Plaintiffs") brought a suit against the City of Ketchum ("the City") alleging that the City's involvement in a professional services contract and a related lease with the Sun Valley–Ketchum Chamber of Commerce ("the Chamber") violates I.C. § 50–1043 *et seq.*, Article 8 § 2, 3, 4 and Article 12 § 4 of the Idaho Constitution. Plaintiffs appeal the district judge's decision granting the City's Motion to Dismiss for

lack of standing and denying Plaintiffs' Petition for Writ of Prohibition.

## I.

## FACTUAL AND PROCEDURAL HISTORY

Baxter Young filed a pro se complaint against the City for declaratory relief and petition for writ of prohibition, alleging that the payment of proceeds from a local option tax by the City to the Chamber violates I.C. § 50–1043 *et. seq.* and Article 8 § 2, 3, 4 and Article 12 § 4 of the Idaho Constitution. Several property owners in Ketchum filed a separate complaint, containing essentially the same arguments. The district judge consolidated the two cases. The collective group of Plaintiffs consists of concerned citizens who reside in and pay property taxes to the City.

The crux of this case relates to the validity of a professional services contract between the City and the Chamber. The contract requires the Chamber "to provide distribution of tourist information to the general public and to provide professional marketing services to promote the Ketchum Sun Valley area." The marketing services required by the contract include providing the City with a visitor information center, and to promote and market the area and local special events. In consideration for these services, the City is required to pay the Chamber money, which is raised via the local option tax. The local option tax is authorized by I.C. § 50–1044, granting Idaho resort cities the authorization to implement local option nonproperty taxes by a majority vote of the city's citizens.[1] The City is designated a resort city under I.C. § 50–1044. The City also executed a one-year lease agreement with the Chamber related to the personal services contract whereby the Chamber rents office space and the tourist information center from the City for $31,000.

The City filed a motion to dismiss under I.R.C.P. 12(b)(6). The district judge granted the City's motion to dismiss with prejudice on the grounds Plaintiffs lacked standing.

---

**1.** This Court has previously upheld the constitutionality of the local option tax in *Sun Valley Co.,* *v. City of Sun Valley,* 109 Idaho 424, 708 P.2d 147 (1985).

## II.

## STANDARD OF REVIEW

■ The district judge stated the standard for reviewing a 12(b)(6) motion is the same as that applicable to motions for summary judgment. This is true insofar as the non-moving party is entitled to have all inferences from the record viewed in his favor. However, once such inferences are drawn, the motions are treated differently. A 12(b)(6) motion looks only at the pleadings to determine whether a claim for relief has been stated. A motion for summary judgment looks to the evidence to see if there are any issues of material fact and whether the moving party is entitled to a judgment as a matter of law.

I.R.C.P. 12(b) states:

If, on a motion asserting the defense numbered (6) to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56. . . .

While the district judge made reference to the summary judgment standard, it does not appear that he took any other evidence outside of the pleadings into consideration, treating the motion purely as a motion to dismiss and not one for summary judgment, because there are no affidavits or any other evidence in the record. Thus, we review the trial court's ruling as a grant of the motion to dismiss, rather than summary judgment.

■ When we review an order dismissing a case pursuant to I.R.C.P. 12(b)(6), the non-moving party is entitled to have all inferences from the record viewed in his favor. *Orthman v. Idaho Power Co.*, 126 Idaho 960, 961, 895 P.2d 561, 562 (1995) (citing *Miles v. Idaho Power Co.*, 116 Idaho 635, 637, 778 P.2d 757, 759 (1989)). After drawing all inferences in the non-moving party's favor, we then ask whether a claim for relief has been stated. *Id.* "The issue is not whether the plaintiff will ultimately prevail, but whether the party is entitled to offer evidence to support the claims." *Id.* (citations and internal quotations omitted). Thus, we must ini-

tially examine whether Plaintiffs have sufficiently alleged the requisite elements of standing in their complaint to survive a 12(b)(6) motion to dismiss.

## III.

## DISCUSSION

**The Plaintiffs have not sufficiently alleged they have standing.**

■ It is a fundamental tenet of American jurisprudence that a person wishing to invoke a court's jurisdiction must have standing. *Van Valkenburgh v. Citizens for Term Limits*, 135 Idaho 121, 124, 15 P.3d 1129, 1132 (2000). Standing is a preliminary question to be determined by this Court before reaching the merits of the case. *Miles v. Idaho Power Co.*, 116 Idaho 635, 637, 778 P.2d 757, 759 (1989). The doctrine of standing is a subcategory of justiciability. *Id.* at 639, 778 P.2d at 761. As this Court has previously noted, the doctrine is imprecise and difficult to apply. *Id.* at 641, 778 P.2d at 763 (citing *Valley Forge College v. Americans United*, 454 U.S. 464, 102 S.Ct. 752, 70 L.Ed.2d 700 (1982)). Standing focuses on the party seeking relief and not on the issues the party wishes to have adjudicated. *Van Valkenburgh* at 124, 15 P.3d at 1132; *Boundary Backpackers v. Boundary County*, 128 Idaho 371, 375, 913 P.2d 1141, 1145 (1996) (quoting *Miles* at 639, 778 P.2d at 761). To satisfy the case or controversy requirement of standing, a litigant must "allege or demonstrate an injury in fact and a substantial likelihood the relief requested will prevent or redress the claimed injury." *Id.* (citations omitted). This requires a showing of a "distinct palpable injury" and "fairly traceable causal connection between the claimed injury and the challenged conduct." *Miles* at 639, 778 P.2d at 761 (internal quotations omitted). But even if a showing can be made of an injury in fact, standing may be denied when the asserted harm is a generalized grievance shared by all or a large class of citizens. *Id.* (quoting *Warth v. Seldin*, 422 U.S. 490, 95 S.Ct. 2197, 45 L.Ed.2d 343 (1975)); *Miles*, 116 Idaho at 641, 778 P.2d at 763 (stating "a citizen and taxpayer may not challenge a governmental enactment where the injury is

one suffered by all citizens and taxpayers alike."); *Bopp v. City of Sandpoint,* 110 Idaho 488, 716 P.2d 1260 (1986); *Greer v. Lewiston Golf & Country Club, Inc.,* 81 Idaho 393, 342 P.2d 719 (1959).

Based on the standard set forth above, the first question to be answered is whether Plaintiffs have alleged an injury caused by the City's actions. Here, Plaintiffs allege they suffer a "distinct palpable injury" as concerned citizens and property owners living in the City. Their basic complaints are 1) the option tax expenditures attract visitors and second homeowners to the area, which in turn has driven up the value of land and increased the amount they pay in property taxes; 2) the option tax is not actually paid by local businesses, but are paid by both residents and visitors; and 3) the City raised cash to make payments to the Chamber by reducing option tax expenditures for basic government functions such as police, fire, E 911 service, and maintenance of sidewalks, and offset this reduction by increasing the levies against the property tax base.

Even if this constitutes an injury in fact, it is an indirect effect that is shared alike by all citizens and taxpayers in the City. Plaintiffs have made no allegations that such an injury is any different or distinct from any other citizen or property owner in the Ketchum area. This is insufficient to confer standing. *Van Valkenburgh* at 124, 15 P.3d at 1132; *Miles* at 641–42, 778 P.2d at 763–64. Moreover, a concerned citizen who seeks to ensure the government abides by the law does not have standing. *Student Loan Fund v. Payette County,* 125 Idaho 824, 828, 875 P.2d 236, 240 (Ct.App.1994). Therefore, Plaintiffs have failed to allege any distinct palpable injury that has a fairly traceable causal connection between the claimed injury and the challenged conduct.

In Plaintiffs' brief, they argue that the refusal to grant standing would prevent any judicial review unless and until a business owner in Ketchum refuses to pay the option tax and the City enforces collection. In support of this contention, Plaintiffs cite *Brewster v. City of Pocatello,* 115 Idaho 502, 502, 768 P.2d 765, 765 (1988). *Brewster* involved an ordinance passed by the city of Pocatello

that imposed a restoration and maintenance fee upon all owners or occupants of property pursuant to a formula reflecting the estimated traffic generated by particular properties. The Court found standing, reasoning that anyone who refused to pay the fee could have a judgment entered against him and a lien placed on his property to confer standing. *Id.* at 503, 768 P.2d at 766.

Plaintiffs have confused the issue of ripeness with standing. The plaintiffs in *Brewster* could show a distinct palpable injury because the various fees were assessed against them personally. The Court noted that judicial review would be avoided until a collection action was initiated, and at such a time, the same question would require resolution. This involves the doctrine of ripeness, not standing.

Additionally, Plaintiffs are not in the same position as the plaintiffs in *Brewster.* None of the Plaintiffs in this case have alleged they are business owners. Thus, none of the Plaintiffs could refuse to pay the option tax and subsequently challenge it. As noted above, standing focuses on the party seeking relief and not on the issues the party wishes to have adjudicated. *Van Valkenburgh* at 124, 15 P.3d at 1132; *Boundary Backpackers* at 375, 913 P.2d at 1145. "[W]hen the plaintiff is not himself the object of the government action or inaction he challenges, standing is not precluded, but is ordinarily 'substantially more difficult' to establish." *Id.* at 384, 913 P.2d at 1154 (quoting *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 562, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992) (citations omitted)).

This Court has consistently found a lack of standing in cases in which the plaintiffs were on the same ground as citizens generally. *See, e.g., Selkirk–Priest Basin Ass'n, Inc. v. State of Idaho,* 128 Idaho 831, 834, 919 P.2d 1032, 1035 (1996) (plaintiffs lacked standing because they had failed to "establish a peculiar or personal injury that is different from that suffered by any other member of the public"); *Idaho Sch. for Equal Educ. Opportunity v. Evans,* 123 Idaho 573, 850 P.2d 724 (1993) (taxpayers/citizens did not have standing to assert lack of school funding because

they did not suffer a distinct palpable injury); *Bopp v. City of Sandpoint,* 110 Idaho 488, 716 P.2d 1260 (1986) (municipal citizen lacked standing because even if plaintiff suffered some injury, it was not special or peculiar to him; rather shared by all residents alike); *Greer v. Lewiston Golf & Country Club, Inc.,* 81 Idaho 393, 342 P.2d 719 (1959) (taxpayers did not have standing to invalidate disannexing ordinance even though they could suffer increased property taxes because such increased burden would be common to all such taxpayers of the city and not a special interest or injury peculiar to the plaintiffs).

Recently, this Court found standing because the petitioners alleged they would suffer a "distinct palpable injury" to their right to vote if the Secretary of State were allowed to implement the statute in question (regarding a term limits pledge). *Van Valkenburgh v. Citizens for Term Limits,* 135 Idaho 121, 125, 15 P.3d 1129, 1133 (2000). The Court concluded that the injury alleged was not suffered by all citizens and taxpayers of the State of Idaho because the statute to be implemented adversely impacted only those registered voters who opposed the term limits pledge, or who supported candidates who opposed the term limits pledge. The Court reasoned that "[t]hose who support the term limits pledge ... are not injured by the use of the ballot legend, and it in fact benefits those who support the term limits pledge by increasing the likelihood their candidate will be elected." This Court concluded the petitioners had alleged an injury not suffered by all citizens, and found the petitioners to have standing to challenge the constitutionality of the term limits pledge statute. The Court also noted that the challenged statute expressly granted proponents and sponsors of the statute standing to defend its constitutionality.

Unlike the plaintiffs in *Van Valkenburgh,* Plaintiffs in this case do not point to any injury that is not shared alike by all citizens and taxpayers in the City nor have they alleged that the relief requested will prevent or redress the claimed injury. Therefore, for the foregoing reasons, we agree with the district judge that Plaintiffs lack standing and cannot address the constitutionality of

the validity of the professional services contract and related lease between the City and the Chamber.

Similarly, the parties must also have standing before this Court can consider the petition for a writ of prohibition. Thus, for the same reasons set forth above, we cannot address this issue.

## IV.

## CONCLUSION

The Plaintiffs lack standing to challenge the constitutionality of the validity of the professional services contract and related lease between the City and the Chamber. The district judge's order granting the City's motion to dismiss is affirmed.

Justices SCHROEDER, WALTERS and EISMANN, concur.

Justice KIDWELL, Dissenting.

Because this Court's majority opinion in *Van Valkenburgh v. Citizens For Term Limits,* 135 Idaho 121, 15 P.3d 1129 (2000), directs a result contrary to that reached by the majority in this case, I respectfully dissent.

I dissented in *Van Valkenburgh* because the only injury alleged by the petitioners in that case—that those voters who opposed the term limits pledge initiative when it was adopted would be injured when it was implemented on the ballot—did not constitute a personalized injury suffered by the petitioners but not by all voters or taxpayers alike, especially in light of this Court's holding in *Selkirk–Priest Basin Assoc. v. State,* 128 Idaho 831, 919 P.2d 1032 (1996). Although I dissented in *Van Valkenburgh,* the majority opinion in that case is now the law of this state. The plaintiffs in this case have alleged injury based upon their opposition to the contract with the Chamber, the diversion of option tax revenues from emergency services to expenditures related to that contract, and the resulting increase in property taxes to cover for that diversion. These alleged injuries are every bit as personalized as those alleged by the petitioners in *Van Valkenburgh.* In order to prevent further confusion and dilution of the law of standing, to be

consistent with *Van Valkenburgh,* and in accordance with the doctrine of *stare decisis,* this Court should hold that the plaintiffs in this case have standing to challenge the City's actions and reverse the district court's order granting the defendants' motion to dismiss.