**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 37469**

| | |
|---|---|
| **WALTER BAYES and VIRGINIA BAYES,** ) | **2010 Unpublished Opinion No. 747** |
| ) | |
| **Plaintiffs-Appellants,** ) | **Filed: December 20, 2010** |
| ) | |
| **v.** ) | **Stephen W. Kenyon, Clerk** |
| ) | |
| **STATE OF IDAHO; C.L. "BUTCH"** ) | **THIS IS AN UNPUBLISHED** |
| **OTTER, in his official capacity as Governor** ) | **OPINION AND SHALL NOT** |
| **of Idaho; STATE OF IDAHO; and** ) | **BE CITED AS AUTHORITY** |
| **LAWRENCE G. WASDEN, in his official** ) | |
| **capacity as Attorney General,** ) | |
| ) | |
| **Defendants-Respondents.** ) | |
| ) | |

Appeal from the District Court of the Third Judicial District, State of Idaho, Canyon County. Hon. Renae J. Hoff, District Judge.

Order denying writ of mandamus, <u>affirmed</u>.

Walter Bayes and Virginia Bayes, Wilder, pro se appellants.

Office of the Governor of the State of Idaho, David F. Hensley, Boise, for respondent Governor Otter.

Hon. Lawrence G. Wasden, Attorney General; Steven L. Olsen, Chief, Civil Litigation; Brian C. Wonderlich, Deputy Attorney General, Boise, for respondents State of Idaho and Attorney General Wasden.

LANSING, Chief Judge

Walter and Virginia Bayes appeal from the district court's order dismissing their petition for a writ of mandamus for lack of standing. We affirm.

**I.**

**BACKGROUND**

In November of 2009, the Bayeses filed a petition seeking a writ of mandamus to stop all abortions except those performed to save the life of the mother. The named defendants, State of Idaho, Governor C.L. "Butch" Otter, and Attorney General Lawrence G. Wasden, moved to

1

dismiss the petition with prejudice pursuant to Idaho Rule of Civil Procedure 12(b)(6) on the ground that the Bayeses had not stated a claim because they lacked standing to pursue the requested relief. The district court determined that the Bayeses lacked standing and issued an order of dismissal with prejudice.

On appeal, the Bayeses argue that they have standing to bring their action pursuant to the Idaho Constitution Article I, Sections 1, 2, and 18. They also take issue with the district court directing that the dismissal be with prejudice, and they make various arguments regarding the merits of their action, such as the interest of the State in banning abortions, the science behind their argument supporting such a ban, and the level of scrutiny required. Because only the question of standing is before us on appeal, we will not address the Bayeses' arguments regarding the merits.

## II.

## ANALYSIS

### A.     Standing

In reviewing a trial court's order on an I.R.C.P. 12(b)(6) motion to dismiss we view all the facts and inferences from the record in favor of the non-moving party and ask whether a claim for relief has been stated. *Nampa Charter School, Inc. v. DeLaPaz*, 140 Idaho 23, 26, 89 P.3d 863, 866 (2004); *Coghlan v. Beta Theta Pi Fraternity*, 133 Idaho 388, 398, 987 P.2d 300, 310 (1999). We will affirm the trial court's grant of a motion to dismiss under I.R.C.P. 12(b)(6) where the record demonstrates that there are no genuine issues of material fact and the case can be decided as a matter of law. *Id*. The Court looks no further than the pleadings in making this determination. *Goodman v. Lothrop*, 143 Idaho 622, 626, 151 P.3d 818, 822 (2007); *Young v. City of Ketchum*, 137 Idaho 102, 104, 44 P.3d 1157, 1159 (2002).

"It is a fundamental tenet of American jurisprudence that a person wishing to invoke a court's jurisdiction must have standing." *Young*, 137 Idaho at 104, 44 P.3d at 1159; *Van Valkenburgh v. Citizens for Term Limits*, 135 Idaho 121, 124, 15 P.3d 1129, 1132 (2000). Standing must be determined before reaching the merits of a case. *Young*, 137 Idaho at 104, 44 P.3d at 1159. Whether a party has standing is an issue of law that we freely review. *State v. Doe*, 148 Idaho 919, 936, 231 P.2d 1016, 1033 (2010).

The Bayeses argue that they have standing to seek a writ banning most abortions because Article I, Section 1 of the Idaho Constitution guarantees their inalienable right to defend life,

2

because Section 2 establishes that political power is inherent in the people, and because Section 18 states that the courts will be open to every person. These three sections taken together, the Bayeses argue, confer upon them the standing to present their particular claim because they are defending the lives of unborn children, because political power to change the law is inherent in the Bayeses, and because, as the courts are required to be open to everyone, the Bayeses can use the courts as a vehicle through which to make this claim.

A standing query focuses on the party seeking relief and not on the issues the party wishes to have adjudicated. *Young*, 137 Idaho at 104, 44 P.3d at 1159. "[A] citizen and taxpayer may not challenge a governmental enactment where the injury is one suffered by all citizens and taxpayers alike." *Id.* at 104-05, 44 P.3d at 1159-60 (quoting *Miles v. Idaho Power Co.*, 116 Idaho 635, 641, 778 P.2d 757, 763 (1989)). Rather, the plaintiff must "establish a peculiar or personal injury that is different than that suffered by any other member of the public." *Selkirk-Priest Basin Ass'n v. State ex rel. Batt*, 128 Idaho 831, 834, 919 P.2d 1032, 1035 (1996). Thus, it is well established that "a concerned citizen who seeks to ensure the government abides by the law does not have standing." *Young*, 137 Idaho at 105, 44 P.3d at 1160.

Ordinarily a person must be asserting his or her own legal rights and interests in order to have standing. *Powers v. Ohio*, 499 U.S. 400, 410 (1991); *Doe*, 148 Idaho at 936, 231 P.3d at 1033. Only in very limited circumstances may a person have standing to assert the rights of others. *Powers*, 499 U.S. at 410-11; *Doe*, 148 Idaho at 936, 231 P.3d at 1033.

We first address whether the Bayeses have personal standing, which requires that a litigant allege an injury in fact to that litigant and a substantial likelihood that the relief requested will rectify the injury. *Young*, 137 Idaho at 104, 44 P.3d at 1159. Injury in fact requires a showing of "distinct palpable injury." *Id.*; *Miles*, 116 Idaho at 641, 778 P.2d at 763.

In this case, the Bayeses do not allege that the defendants caused an injury to them, and the record is devoid of any indication that the Bayeses have suffered any injury as a consequence of abortion laws. As their briefs on appeal acknowledge, it is the lives of "the preborn," not the Bayeses' own lives or liberty, that they seek to protect by this action. The Bayeses assert that they need not allege injury in fact because such a requirement is for federal "Article Three" standing, and they claim standing pursuant to the Idaho Constitution. In making this argument, the Bayeses confuse standing with rights; those Idaho Constitution sections to which they refer enumerate rights, but an individual may utilize the courts to enforce those rights only if he or she

3

has standing to do so. *See Young*, 137 Idaho at 104, 44 P.3d at 1159. The requirement that an injury be suffered to confer standing applies to all actions, regardless of which laws or rights the plaintiff is seeking to enforce. *Id*. Thus, the Supreme Court in *Young* reviewed the plaintiffs' claims for standing even though the plaintiffs brought their action pursuant to various provisions of Idaho statutes and the Idaho Constitution. *Id.* at 103, 105-06, 44 P.3d at 1158, 1160-61. The Bayeses' petition alleges that the legalization of abortion injures fetuses and the fetuses' parents, but alleges no injury to the Bayeses themselves. Therefore, they have not shown personal standing to bring this action.

Because the Bayeses have alleged no injury to themselves, they also lack standing to assert the rights of third parties. A litigant who seeks to assert the rights of another must demonstrate three interrelated criteria: (1) that he or she has suffered an injury in fact which provides a sufficiently concrete interest in the outcome of the matter in dispute, (2) that he or she has a sufficiently close relationship to the party whose rights are being asserted, and (3) that there is a demonstrated bar to the third parties' ability to protect their rights. *Powers*, 499 U.S. at 411; *Doe*, 148 Idaho at 936, 231 P.3d at 1033. As stated above, the Bayeses have not alleged, and the record does not suggest, that they personally have suffered any injury as a result of abortions being legal in Idaho. Therefore, they have not satisfied the first of the three criteria for standing to bring this action on behalf of others.

It follows that the district court did not err in holding that the Bayeses are without standing to bring this action.

**B.     Dismissal with Prejudice**

The Bayeses also assert that the dismissal of their action should not have been with prejudice. They argue: "The words with prejudice was never mentioned in the Court or the Briefs. This denied Plaintiffs any due process. Concerning prejudice." The Bayeses do not support this contention with any legal argument or authority. Moreover, this argument is belied by the record, as the defendants did ask for a dismissal with prejudice in their motion to dismiss. Due process requires notice and an opportunity to be heard. *Meyers v. Hansen*, 148 Idaho 283, 291, 221 P.3d 81, 89 (2009); *Spencer v. Kootenai County*, 145 Idaho 448, 454, 180 P.3d 487, 493 (2008). The defendants' motion gave the Bayeses notice that their action was subject to dismissal with prejudice, and the Bayeses had an opportunity to respond and be heard through their written opposition to the defendants' motion and their oral arguments at the hearing on the

4

motion. Despite this notice and opportunity to be heard, the Bayeses did not contest whether any dismissal should be with prejudice in either their written or oral argument. Therefore, not only were the Bayeses not denied due process, but they waived the issue by failing to raise it below. *Kinsela v. State Dep't of Fin.*, 117 Idaho 632, 634, 790 P.2d 1388, 1390 (1990); *Arthur v. Shoshone County*, 133 Idaho 854, 862, 993 P.2d 617, 625 (Ct. App. 2000).

## C.    Attorney Fees

The defendants seek an award of attorney fees on appeal pursuant to Idaho Code § 12-121 and Idaho Rule of Civil Procedure 54(e)(1). They argue that because the law regarding standing is well settled and there are no disputed facts, the Bayeses should be required to pay defendants' attorney fees for bringing an unfounded and frivolous appeal. They assert that they informed the Bayeses of their lack of standing prior to the defendants taking any action in this case, and that the Bayeses have never presented any meaningful basis to oppose the defendants' standing arguments.

An award of attorney fees may be granted pursuant to I.C. § 12-121 and I.R.C.P. 54(e)(1) to the prevailing party when the court is left with the abiding belief that the appeal has been brought or defended frivolously, unreasonably, or without foundation. *Rendon v. Paskett*, 126 Idaho 944, 945, 894 P.2d 775, 776 (Ct. App. 1995). Attorney fees may be awarded to the prevailing party under this standard where an appeal turns on the application of settled law to undisputed facts and no showing was made that the lower court misapplied the law. *City of Boise v. Ada County*, 147 Idaho 794, 812, 215 P.3d 514, 532 (2009); *Wolske Bros., Inc. v. Hudspeth Sawmill Co.*, 116 Idaho 714, 716, 779 P.2d 28, 30 (Ct. App. 1989). Attorney fees will not be awarded, however, if the losing party brought the appeal in good faith and presented genuine issues of fact or law. *City of Boise*, 147 Idaho at 812, 215 P.3d at 532.

In this case, although the Bayeses may sincerely believe that certain provisions of the Idaho Constitution grant them standing, the law is well-settled that standing is governed by the standards described above. The Bayeses have raised no genuine issue of fact or law on appeal. As the law is well settled, there are no disputed issues of fact, and the Bayeses have failed to show the district court misapplied the law, the defendants are entitled to attorney fees on appeal.

## III.
## CONCLUSION

The district court's dismissal of the Bayeses' action with prejudice is affirmed.  Attorney fees and costs to respondents.

Judge GUTIERREZ and Judge GRATTON, **CONCUR.**